Adrian Mauricio PUIG Y GARCIA, an infant by Arcadio Puig, his guardian ad litem, and father, Plaintiffs,

v.

John J. MURFF, as District Director for the New York District, Immigration and Naturalization Service, United States Department of Justice, Defendant.

United States District Court
S. D. New York.

Dec. 23, 1958.

Claude Henry Kleefield, New York City, for plaintiffs.

Arthur H. Christy, U. S. Atty. for Southern District of New York, New York City, Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel, for defendant.

DIMOCK, District Judge.

The infant plaintiff is an alien and has been ordered deported on the ground that he has committed a crime involving moral turpitude within five years after entry. Deportability is conceded. He brings this suit seeking judicial review of a final administrative determination by the Board of Immigration Appeals that he is ineligible for the discretionary benefits of section 5 of the Act of September 11, 1957, P.L. 85–316, 71 Stat. 639.

He moves that the deportation order be set aside and the Government counters with a motion for summary judgment dismissing the complaint. Thus in substance each party has moved for summary judgment. The facts are undisputed.

Section 5 of the Act of 1957, which the Board held inapplicable, reads as follows:

"Sec. 5. Any alien, who is excludable from the United States under paragraphs (9), (10), or (12) of section 212(a) of the Immigration and Nationality Act, who (A) is the spouse or child, including a minor unmarried adopted child, of a United States citizen, or of an alien lawfully admitted for permanent residence, or (B) has a son or daughter who is a United States citizen or an alien lawfully admitted for permanent residence, shall, if otherwise admissible, be issued a visa and admitted

to the United States for permanent residence (1) if it shall be established to the satisfaction of the Attorney General that (A) the alien's exclusion would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, or son or daughter of such alien, and (B) the admission to the United States of such alien would not be contrary to the national welfare, safety, or security of the United States; and (2) if the Attorney General, in his discretion, and pursuant to such terms, conditions, and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa and for admission to the United States."

The infant plaintiff clearly qualifies for the exercise of the Attorney General's discretion under this section in every respect except one, i. e., he is not "excludable" and does not seek to be issued a visa and admitted to the United States for permanent residence but rather seeks to have deportation proceedings terminated.

█ The infant plaintiff last entered the United States at Miami, Florida, on September 9, 1955. He was charged with assault in three counts in an indictment in the Bronx County Court, New York, on February 26, 1957. On May 28, 1957, he pleaded guilty to the second and third counts, each of which charged assault in the second degree, the second in that the defendant wrongfully and wilfully inflicted grievous bodily harm upon a person with a loaded rifle and the third in that defendant feloniously assaulted that person and wilfully and wrongfully discharged a loaded rifle at him. Assault with a deadly weapon and shooting is a crime involving moral turpitude justifying deportation. United States ex rel. Ciccenelli v. Curran, 2 Cir., 12 F.2d 394; Gonzales v. Barber, 9 Cir., 207 F.2d 398. On July 30, 1957, the infant plaintiff was sentenced to a term of one year imprisonment and was released on December 7, 1957. He has

since been rehabilitated, is employed and is contributing to the support of his father and mother who are aliens lawfully admitted for permanent residence.

Paragraph (9) of section 212(a) of the Immigration and Nationality Act, referred to in the above quoted section 5 of the Act of 1957, is section 1182(a) (9) of title 8 U.S.Code. It provides that aliens shall be excluded from admission into the United States "who have been convicted of a crime involving moral turpitude".

The proceeding of which the infant plaintiff is the subject is not an exclusion proceeding such as is referred to in section 5 of the Act of 1957. It is a deportation proceeding predicated upon section 241(a) (4) of the Act, 8 U.S.C. § 1251(a) (4). That section provides that any alien in the United States shall, upon the order of the Attorney General, be deported who "is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more".

█ It is to be noted that section 5 of the Act of 1957 under which the infant plaintiff asks relief, affords such relief only to an alien who is excludable from the United States under paragraphs (9), (10), or (12) of section 212(a) of the Immigration and Nationality Act. As above indicated, paragraph (9) which deals with crimes involving moral turpitude, differs in substantial respects from section 241(a) (4) under which the infant plaintiff is being proceeded against. For instance, an alien who has been convicted of any crime involving moral turpitude is excludable but, to be deported for conviction of a crime involving moral turpitude committed after entry, the crime must have been committed within five years after entry and the alien must either have been sentenced to confinement or confined for a year or more.

Nevertheless, it is urged on behalf of the infant plaintiff that an alien is entitled to be considered for discretionary

relief as against deportation if he meets the requirements for relief under the Attorney General's discretionary power against exclusion since the qualifications for admission are so much more stringent than those for immunity from deportation.

In support of this position counsel for the infant plaintiff cites In the Matter of C—In Deportation Proceedings E-092142, Administrative Decisions Under Immigration and Nationality Laws of the United States, Vol. VI, p. 331, decided by the Board of Immigration Appeals on October 8, 1954. The Board there dealt with section 4 of Public Law 770 of 1954, 68 Stat. 1145, 8 U.S.C. § 1182a. It provides:

"Sec. 4. Any alien, who is excludable because of the conviction of a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of title 18, United States Code, by reason of the punishment actually imposed, or who is excludable as one who admits the commission of such misdemeanor, may hereafter be granted a visa and admitted to the United States, if otherwise admissible: *Provided,* That the alien has committed only one such offense."

It is to be noted that that statute did no more than authorize the grant of a visa and admittance to the United States of one who was excludable; no authority was given to hold up anyone's deportation. Nevertheless, the Board of Immigration Appeals applied section 4 of Public Law 770 in a deportation proceeding saying, p. 334, "Inasmuch as that statute would be beneficial to the respondent should he be outside the United States seeking documentation to enter, we believe that by the same reasoning he should be relieved from deportation in expulsion proceedings." It seems to me that the Board in taking this action took liberties with the statute.

In another case before the Board of Immigration Appeals, In the Matter of P—In Deportation Proceedings A-7749930, Interim Decision 928, decided

on April 21, 1958, section 5 of Public Law 85–316 of 1957, the same provision of law involved here, was applied in a deportation proceeding where the entry into the United States, occurring after enactment of section 5, had been unlawful. The application of this section was explained as an exercise of power to regularize the entry nunc pro tunc since the benefits of the section would have been available if the alien had been without the United States seeking documentation to enter. This decision is not apposite since the infant plaintiff's last entry occurred prior to the enactment of section 5 and was lawful, but again it seems to me that the Board took liberties with the statute.

There is internal evidence in Public Law 85–316 of 1957 to show that section 5 was intended to deal only with exclusion. Section 7 of the same statute, Public Law 85–316 of 1957, specifically ameliorates some of the deportation provisions of the Immigration and Nationality Law, § 241, 8 U.S.C. § 1251. Thus when Congress in section 5 dealt with exclusion and the issuance of a visa and admission to the United States of a child of aliens lawfully admitted for permanent residence, those words "exclusion", "visa" and "admission" were used advisedly. Congress there made a clear distinction between exclusion and deportation, see Senate Report No. 1057, August 20, 1957, pp. 4–5; House Report No. 1199, August 19, 1957, pp. 9–11, 13, so if there had been an intention to give the Attorney General discretionary power with respect to deportation as well as exclusion of such a child the statute would have so stated.

In the conclusion that section 5 can be availed of only in exclusion cases I am sustained by the case of Chabolla-Delgado v. Hoy, decided without opinion by Judge Harrison in the United States District Court for the Southern District of California on June 20, 1958.

It is regrettable that the infant plaintiff must be sent back to Cuba in order to qualify for the exercise of discretionary relief for which he is otherwise com-

894

pletely qualified but I must take the law as I find it and cannot legislate.

The infant plaintiff's motion is denied. The defendant's motion for summary judgment is granted and judgment is directed dismissing the complaint.

So ordered.