UNITED STATES of America ex rel. Joseph Michael DENTICO, Relator-Appellant,

v.

P. A. ESPERDY, District Director of the Immigration and Naturalization Service for the New York District, Respondent-Appellee.

No. 311, Docket 25904.

United States Court of Appeals Second Circuit.

Argued June 8, 1960.

Decided June 24, 1960.

Bella V. Dodd, New York City, for relator-appellant.

Charles J. Hartenstine, Jr., Sp. Asst. U. S. Atty., Southern Dist. of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty., New York City, on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and CLARK and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

Relator, Joseph Dentico, appeals from an order of the district court dismissing his petition for a writ of habeas corpus brought to obtain his release from detention for deportation. The petition challenges in several respects the fairness of the administrative hearing upon which the order of deportation was entered and also asserts that the Attorney General failed to sustain his burden of proving at the hearing that relator was an alien. We find no error and affirm the judgment.

On October 1, 1951 relator was served with a warrant of arrest in deportation proceedings. At the time he was 52 years old and had been an alien resident of the United States since his arrival from Italy in 1907. The warrant alleged that he was subject to deportation under § 19(a) of the Immigration Act of 1917, 39 Stat. 874,* as an alien who had been sentenced more than once to imprisonment for a term of one year or more because of convictions in this country of crimes involving moral turpitude committed after entry. The crimes alleged were attempted robbery third degree for which he was sentenced to a term of five years and conspiracy to extort money for which he was given an indeterminate sentence.[1] Pursuant to a statement in the warrant of arrest that relator would be afforded a hearing upon the charges against him, a hearing was held on June 11, 1952, while relator was an inmate in the federal penitentiary at McNeil Island, Washington, where he was serving a ten year sentence for violation of the federal narcotics laws, 21 U.S.C.A. §§ 173, 174. Because of this narcotics conviction, the hearing officer lodged an additional charge against relator at the time of the hearing—that he was deportable under the Act of February 18, 1931, 46 Stat. 1171 (as amended, 54 Stat. 673),** as an alien who had been convicted of violating and conspiring to violate a statute of the United States prohibiting the sale of heroin. At the hearing relator admitted his convic-

---

* Now 8 U.S.C.A. § 1251(a) (4).

1. It is settled that an indeterminate sentence for a period which may exceed one year is a sentence for more than one year within the meaning of the immigration statute. United States ex rel. Popoff v. Reimer, 2 Cir., 1935, 79 F.2d 513; United States ex rel. Amato v. Commissioner. of Immigration, D.C.S.D.N.Y.1937, 18 F. Supp. 480.

** Now 8 U.S.C.A. § 1251(a) (11).

tions for all three offenses and certified copies of the records of conviction were put in evidence. He also admitted that he had never applied for citizenship, and though he stated that his father, who had preceded him and the rest of his family to America, had filed a declaration of intention to become a citizen, he admitted that so far as he knew his father had never taken any further steps toward citizenship. The hearing officer determined that the charges of deportability had been sustained and ordered relator deported upon his release from prison. The Board of Immigration Appeals dismissed an appeal from the order.

Relator claims that the administrative hearing afforded him in 1952 was unfair in that (1) he was denied assistance of counsel; (2) he was not given adequate notice of the hearing; and (3) the complexity of the questions directed at one of so little education made the hearing generally unfair and in violation of due process.

■ At the commencement of the deportation hearing and again part way through it relator was specifically informed of his right to counsel, and upon each occasion he expressly waived this right. In the face of these waivers and in view of the hearing officer's statements to relator that he was entitled to present evidence and make objections, there was no unfairness in proceeding with the hearing. United States ex rel. Jankowski v. Shaughnessy, 2 Cir., 1951, 186 F.2d 580.

■■ The warrant of arrest served upon relator in October 1951 gave him notice that he would be afforded a hearing on the charges against him. This notice was sufficient to comply with the requirements of due process. Moreover, since the hearing examiner offered to grant relator a continuance if he wished additional time to prepare his defense on the narcotics-conviction issue, no unfairness could have resulted from any inadequacy of the notice. See Bilokumsky v. Tod, 1923, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221.

■ With respect to the overall fairness of the hearing and the ability of relator to understand the questions asked him, we have examined the record of the hearing and find no inequity. The issues upon which relator was examined— whether he had been convicted of the crimes alleged and whether he was an alien—were not difficult to understand. The convictions were shown not only by relator's admissions but by the certificates of conviction.[2] And although it may be true that relator was not capable of determining whether he had achieved derivative citizenship through his father, he was perfectly able intelligently to state whether he had attempted to become a citizen himself and if he knew whether his father had become a citizen.

■ Relator's additional assertion that the Attorney General failed to prove that he was an alien is gainsaid by his own negative responses to the questions whether either he or his father had become an American citizen. If, as relator asserts, he now has new evidence tending to show that his father became a citizen, this evidence should be presented to the Board of Immigration Appeals by way of a motion to reopen the deportation hearing,[3] and not to the court.

■ Relator's final contention, that the Board of Immigration Appeals erroneously denied his application to reopen the deportation hearing in order that he might present evidence upon his suitability for discretionary relief from deportation under 8 U.S.C.A. § 1182(a), needs only brief mention. Section 1182 (a) permits the Attorney General, in his discretion, to admit an alien falling

2. The hearing officer properly determined that the crimes of which relator was convicted involved moral turpitude. See United States ex rel. Zaffarano v. Corsi, 2 Cir., 1933, 63 F.2d 757.

3. Relator has twice sought to have the deportation hearing reopened but on neither occasion were the affidavits upon which relator now relies as showing his father's citizenship presented.

**74**

within certain excludable classes of aliens when the alien is the spouse of a United States citizen, the exclusion of the alien would result in extreme hardship to the spouse, and the admission of the alien would not be contrary to the welfare or security of the United States. We need not consider whether this section applies to aliens under order of deportation, see Puig y Garcia v. Murff, D.C.S.D.N.Y.1958, 168 F.Supp. 890, since in no event would relator be entitled to relief under it. Relator is excludable under 8 U.S.C.A. § 1182(a) (23) by reason of his narcotics conviction, and persons excludable under this provision are not among those to whom the Attorney General has authority to grant discretionary relief.

Affirmed.