UNITED STATES of America ex rel. Gladys M. de Los Angeles Mena y CAMPOS de JEREZ, Relator-Appellant,

v.

P. A. ESPERDY, District Director of the Immigration and Naturalization Service of the United States for the New York District, Respondent-Appellee.

No. 339, Docket 25958.

United States Court of Appeals Second Circuit.

Argued May 9, 1960.

Decided July 1, 1960.

Cargo Carriers v. Brown S.S. Co., D.C. W.D.N.Y., 1950, 95 F.Supp. 288, and The Buckeye State, D.C.W.D.N.Y., 1941, 39 F.Supp 344, at page 347.

Claude Henry Kleefeld, New York City, for relator-appellant.

Roy Babitt, Sp. Asst. U. S. Atty., Southern District of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty.) New York City, for respondent-appellee.

Before CLARK, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

Appellant, asserting that an order directing her deportation is invalid, petitioned for a writ of habeas corpus. The basis for the petition was the Attorney General's refusal to grant her application to waive in advance a ground of excludability. The district court held that such a waiver was available only to aliens outside the United States and dismissed the writ. This appeal followed.

Appellant, an alien, entered the United States in 1957. In 1958 she was convicted in New York City of a crime involving moral turpitude and was sentenced to one year imprisonment. Subsequently she was ordered deported pursuant to Section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251 (a)(4), which provides that any alien within the United States who "is convicted of a crime involving moral turpitude committed within five years of the entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more * * " shall be deported upon the order of the Attorney General. It is not disputed that appellant is properly deportable.

She sought, however, before the Special Inquiry Office and thereafter the Board of Immigration Appeals and now on habeas corpus, discretionary relief under Section 5 of the Act of 1957, 8 U.S.C.A. § 1182b, which provides in substance that an alien excludable under Section 212(a)(9) (moral turpitude) "shall, if otherwise admissible, be issued a visa and admitted to the United States for permanent residence" if the Attorney General "in his discretion * * * has consented to the alien's applying or reapplying for a visa and for admission to the United States." The question is therefore presented whether Section 5, relating to a waiver of a ground of inadmissibility to the United States, is available to an alien in the United States who has been ordered deported.

Thus Section 5 vests in the Attorney General discretion to admit certain excludable aliens who satisfy the various requirements of the Section, for example, by a showing that "the alien's exclusion would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, or son or daughter of such alien, and the admission to the United States of such alien would not be contrary to the national welfare, safety, or security of the United States."

Assuming, *arguendo*, that appellant would qualify for the exercise of the Attorney General's discretion, she lacks standing to apply for this relief since she quite obviously is not an excludable alien seeking admission. She has already entered and established residence in the United States. Later events have rendered her deportable but, the provision governing deportation, Section 241(a) (4), is not subject to any exception such as is provided for in Section 5. She is thus an *expellee* as opposed to an *excludee*, a distinction long recognized by Congress and one which pervades the current statutory scheme relating to immigration and compulsory emigration. See Leng May Ma v. Barber, 1958, 357 U.S. 185, 78 S.Ct. 1072, 2 L.Ed.2d 1246.[1]

1. For a comprehensive analysis of the divergent statutory treatment of these

two classes of aliens, clearly demonstrating a Congressional intent that the gov-

Despite the lack of ambiguity of the statutes, appellant argues that common sense requires a contrary result. She urges that once she has been separated from her family here and deported to her native country, she can then proceed under Section 5 and seek the Attorney General's waiver of the grounds of her excludability. Not unreasonably she wants to avoid this hegira and apply for the waiver here and now, thus avoiding deportation to Cuba and a subsequent return if waiver be granted. But this argument, no matter how persuasive, has been advanced in the wrong forum. Apparently Congress saw fit to make the distinction appellant challenges. The district court has correctly applied the law as enacted.

Affirmed.

erning provisions for each were not to be interchangeable, see Puig Y Garcia v. Murff, D.C.S.D.N.Y.1958, 168 F.Supp. 890, relied on by the court below. We approve Judge Dimock's discussion and conclusions in that case, which is virtual-

ly identical to the instant petition. Cf. United States ex rel. Dentico v. Esperdy, 2 Cir., 1960, 280 F.2d 71.

