**Alette RUTLEDGE, Petitioner,**

v.

**P. A. ESPERDY, as District Director for the New York District, Immigration and Naturalization Service, United States Department of Justice, Respondent.**

United States District Court
S. D. New York.
June 29, 1961.

**232**

Claude H. Kleefield, New York City, for petitioner.

Robert M. Morgenthau, U. S. Atty., New York City, for respondent, Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel.

**FREDERICK van PELT BRYAN, District Judge.**

Respondent, the New York District Director of the United States Immigration and Naturalization Service, moves for summary judgment pursuant to Rule 56, F.R.Civ.P. 28 U.S.C., in this suit brought by petitioner Rutledge, a citizen of the British Virgin Islands, to enjoin her deportation.

The sole issue before me is whether the denial by the Special Inquiry Officer of petitioner's motions to reopen the deportation hearing, and the dismissal by the Board of Immigration Appeals of the appeal from that decision were erroneous as a matter of law.

Petitioner contends that Public Law 85–316 of September 11, 1957, §§ 5, 6 and 7 [8 U.S.C. §§ 1182b, 1182c and 1251a] is applicable to her and that the Attorney General has arbitrarily refused to exercise his discretion thereunder. Respondent, on the other hand, maintains that the Law of September 11, 1957 is not applicable at all.

Petitioner last entered the United States on November 25, 1953 as a visitor for pleasure for 29 days. She remained at St. Thomas, V. I. (U.S.) until January 1954 and then proceeded to San Juan, Puerto Rico. From there she flew to New York City on December 3, 1954, where she apparently remained until apprehended by the Immigration authorities in 1959. She married an American citizen, Otis Rutledge, just prior to her apprehension.

A hearing was held before a Special Inquiry Officer on October 16, 1959 and the petitioner was ordered deported pursuant to § 241(a) (2) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a) (2) on the ground that as a nonimmigrant, under § 101(a) (15) of the Act, 8 U.S.C.A. § 1101(a) (15) she had remained in the United States for a longer period of time than is permitted. Motions to reopen the deportation proceedings in the light of Sections 5, 6 and 7 of the Law of September 11, 1957 were denied and an appeal from such denial to the Board of Immigration Appeals was dismissed. Only the determinations made on the motions to reopen and the dismissal of the appeal from their denial are before the court.

It may be noted that petitioner also made an application to the District Director for permission to reapply for admission to the United States after deportation, which was denied. Petitioner

took no appeal from that determination. She has not raised that question here and it is not before me.

Since none of the sections of the Law of September 11, 1957 are applicable, refusal to reopen the hearing in the light of it was not error.

■ (1) Section 5 of the law of 1957 relates, and is limited to aliens outside the United States who are seeking to gain admission to this country. It does not apply to those already here. United States ex rel. Campos de Jerez v. Esperdy, 2 Cir., 281 F.2d 182. It is clearly, therefore, not applicable.

(2) Section 6 is limited to certain aliens who are subject to exclusion under 8 U.S.C.A. § 1182(a)(6) by reason of their being afflicted with tuberculosis. It is plainly not germane here.

■ (3) Section 7 provides in part:

"The provisions of section 1251 of this title relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as (1) aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation, or (2) aliens who were not of the nationality specified in their visas, shall not apply to an alien otherwise admissible at the time of entry who (A) is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence; or (B) was admitted to the United States between December 22, 1945, and November 1, 1954, both dates inclusive, and misrepresented his nationality, place of birth, identity, or residence in applying for a visa: * * *."

While this section is designed to permit exercise of discretion by the Attorney General to avoid deportation in certain cases, it does not cover the case at bar. Petitioner was not ordered deported for any of the misrepresentations referred to in Section 7. While it is true that her separate application for permission to reapply for admission was denied by the District Director, in part, because she assisted her brother to enter the United States fraudulently, that has nothing to do with the order for her deportation and is, in fact, not even before the court.

Petitioner was ordered deported because she remained in this country longer than allowed by law. The first part of Section 7, therefore, does not apply.

The last sentence of the section is not applicable here either.[1] Section 7 provides that an alien "shall * * * be granted a visa and admitted to the United States * * *." This can only be read to apply to those outside this country seeking to gain admittance and not to persons such as petitioner who are already here and are subject to deportation. Cf. United States ex rel. Campos de Jerez v. Esperdy, supra.

■ Therefore, whether the section may be construed to cover persons who help others fraudulently enter the country as well as those who fraudulently enter the country themselves need not be determined here. It may be noted, however, that Section 7 was written to benefit those who made misrepresentations "not for the purpose of obtaining unlawful benefits but as a result of their fear of repatriation to Soviet Russia or to certain [other] countries ruled and dominated by Communist governments." H. Rep. No. 1199, 85th Cong., 1st Sess.

---

1. "After September 11, 1957, any alien who is the spouse, parent, or child of a United States citizen or of an alien lawfully admitted for permanent residence and who is excludable because (1) he seeks, has sought to procure, or has procured, a visa or other documentation, or entry into the United States, by fraud or misrepresentation, or (2) he ad- mits the commission of perjury in connection therewith, shall on and after September 11, 1957, be granted a visa and admitted to the United States for permanent residence, if otherwise admissible, if the Attorney General in his discretion has consented to the alien's applying or reapplying for a visa and for admission to the United States."

(1957). See 1957 United States Code Cong. and Adm. News, p. 2022.

The Government's motion for summary judgment must therefore be granted.

It is so ordered.