Joseph Michael DENTICO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 342, Docket 27365.

United States Court of Appeals
Second Circuit.

Argued May 3, 1962.

Decided May 9, 1962.

**138**

Bella V. Dodd, New York City (Dodd, Cardiello & Blair), New York City, for petitioner.

Roy Babitt, Sp. Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York), for respondent.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM.

This action in the District Court for the Southern District of New York, seeking a declaratory judgment of the invalidity of a final order of deportation, was pending undetermined on October 26, 1961, the effective date of P.L. 87–301, 75 Stat. 650. Section 5(a) of that Act amended the Immigration and Nationality Act of 1952, 66 Stat. 163, by adding to it Section 106, 8 U.S.C.A. § 1105a, making the procedure for review in the courts of appeals prescribed in 5 U.S.C.A. §§ 1031–1042, "the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 242(b) of this Act [8 U.S.C.A. § 1252 (b)] or comparable provisions of any prior Act." Section 5(b) provided, *inter alia,* that "Any judicial proceeding to review an order of deportation which is pending unheard in any district court of the United States on the effective date of this section (other than a habeas corpus or criminal proceeding in which the validity of the deportation order has been challenged) shall be transferred for determination in accordance with this section to the court of appeals having jurisdiction to entertain a petition for review under this section." Pursuant to that direction this action was transferred here by order of the District Court.

In the main petitioner repeats the challenges to the deportation order which we have already ruled against him on a prior appeal in a habeas corpus proceeding, United States ex rel. Dentico v. Esperdy, 280 F.2d 71 (2 Cir. 1960). Two other points are now urged. One is that the Board of Immigration Appeals erred in refusing to reopen the deportation hearing on the basis of affidavits relating to his father's alleged United States citizenship; the evidence was a long way from being such that we could reverse this under the controlling standard of review, 8 U.S.C.A. § 1105a(a) (4). The other is that petitioner's physical condition renders him unable to travel; determination of that issue was for the Attorney General or his delegate, not for the courts.

Complaint dismissed.