**CHUL HI KIM, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 15253.

United States Court of Appeals
Seventh Circuit.

March 16, 1966.

Rehearing Denied April 15, 1966.

Barratt O'Hara, Melvyn E. Stein, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., Richard G. Schultz, Atty., Chicago, Ill., John Peter Lulinski, Lawrence Jay Weiner, Asst. U. S. Attys., of counsel, for respondent.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

Chul Hi Kim has petitioned this court to review orders of the Immigration and Naturalization Service denying his motions to reopen deportation proceedings.

Kim was born in North Korea, but fled from there to South Korea in 1947. In 1955, he was lawfully admitted into the United States as a non-immigrant student, authorized to remain until March 1, 1961.

In 1961, Kim was granted an extension of departure time until January 9, 1962. He remained in the United States beyond that date and, as a consequence, was ordered to show cause why he should not be deported.

After a hearing on February 13, 1962, the special inquiry officer granted Kim the privilege of voluntary departure, but ordered, if Kim failed to depart when required, that he be deported to Korea, the country designated by Kim.

On January 8, 1964, the special inquiry officer granted a motion to reopen deportation proceedings in order to afford Kim an opportunity to apply for and prosecute an application for suspension of deportation. On April 16, 1964, Kim's application for suspension of deportation was denied. An administrative appeal from this order was dismissed on August 5, 1964.

On May 18, 1965, Kim filed a motion to reopen the proceedings. Kim asserted that while he had named Korea as the country to which his deportation should be directed, there was no designation as to which Korea, North or South, he was to be deported; there was no showing that he was a citizen of South Korea; finally, in prior hearings, Kim had given incorrect testimony as to his age and as to the fact that he had a wife in Korea.

The motion to reopen was denied. There was no material defect in the country of designation, for Kim had lived in South Korea between 1947 and 1955, had testified that he had a passport from the Republic of Korea, which recognized him as a citizen, and had himself designated Korea as the country to which he should

be deported. Furthermore, the only Korean government recognized by the United States is that of the Republic of Korea. Finally, there was no merit in allowing Kim to correct prior erroneous testimony, there having been no finding that he had testified falsely. The corrected testimony would not have affected his deportability.

Another motion to reopen proceedings for reception of additional evidence, a certified copy of a divorce decree entered by the circuit court of Cook County, Illinois, dissolving the marriage between Kim and his Korean wife, was filed on June 17, 1965. This motion was denied on the ground that it presented nothing new and meritorious.

8 U.S.C.A. § 1105a(a) (1) provides that "a petition for review may be filed not later than six months from the date of the final deportation order * * *."

■ Because Kim's petition for review was filed within six months of the entry of only the orders denying his motions to reopen, but not within six months of his deportation order, we have before us only the question of the propriety of the denials of the motions to reopen.

There is, however, a preliminary question relating to 8 U.S.C.A. § 1105a(a) which provides for appellate jurisdiction of final orders of deportation.[1]

While the Government did not contend that we were without jurisdiction in this case, for purposes of informing the court, the Government presented argument that, in view of the fact that a denial of a motion to reopen may not be a final order of deportation within the meaning of 8 U.S.C.A. § 1105a(a), we might be without jurisdiction. The decision of the Supreme Court in Giova v. Rosenberg, District Director, Immigration and Naturalization Service, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), which the Government implied held that courts of appeals had jurisdiction over petitions to review denials of motions to reopen, was urged as holding that jurisdiction was not conferred by the filing of every motion to reopen.

We are unable to judge the extent of the holding in Giova, for the Supreme Court gave no facts in its per curiam memorandum order in the case.[2] Facts possibly relating to jurisdiction are equally absent from the prior opinion of the court of appeals in Giova v. Rosenberg, 9 Cir., 308 F.2d 347 (1962).

We do not divine that the Supreme Court in *Giova* held that the statutory language "all final orders of deportation" includes review of all orders denying motions to reopen. But, the order in *Giova* may indicate that the Supreme Court recognizes appellate jurisdiction at least in some cases involving orders denying motions to reopen. See Foti v. Immigration and Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

■ Consistent with our prior interpretation of the statutory language, "final orders of deportation" in Roumeliotis v. Immigration and Naturalization Service, 7 Cir., 304 F.2d 453 (1962) and Blagaic v. Flagg, 7 Cir., 304 F.2d 623 (1962) and with the decision of the Second Circuit in Dentico v. Immigration and Naturalization Service, 303 F.2d 137

---

1. "The procedure prescribed by, and all the provisions of sections 1031–1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title or comparable provisions of any prior Act * * *." 8 U.S.C.A. § 1105a(a). 5 U.S.C.A. §§ 1031–1042 provide for initial judicial review by courts of appeals of specified administrative final orders.

2. The following is the per curiam order of the Supreme Court in Giova:
"Upon consideration of the submission of the United States that the judgment [of the Court of Appeals] should be reversed and cause remanded with directions to entertain the petition for review, and upon examination of the entire record, judgment reversed and case remanded to the United States Court of Appeals for the Ninth Circuit with directions to entertain the petition for review."

(1962), we hold that we have jurisdiction to hear the instant petition.

■ We find no merit in the petition for review. It is within the discretion of the Board of Immigration Appeals under authority delegated by the Attorney General[3] to grant or deny a motion to reopen an application for suspension of deportation. 8 U.S.C.A. § 1254(a), Wolf v. Boyd, 9 Cir., 238 F.2d 249 (1956), cert. den., 353 U.S. 936, 77 S.Ct. 814, 1 L.Ed. 2d 759 (1957); cf. Arakas v. Zimmerman, 3 Cir., 200 F.2d 322 (1952).

■ We find no abuse of discretion in the denials of the motions to reopen. The reasons given by the Board for denying the motions are fully adequate.

For the foregoing reasons, the petition for review is denied.

Review denied.