**Valentin Zdravko NOVINC, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 15628.**

United States Court of Appeals Seventh Circuit.

Jan. 3, 1967.

Nathan T. Notkin, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before KNOCH, SWYGERT and FAIRCHILD, Circuit Judges.

KNOCH, Circuit Judge.

The petitioner, Valentin Zdravko Novinc, seeks to review and reverse a decision of the respondent, Immigration and Naturalization Service, not to reopen deportation hearings to allow the petitioner to present further proofs.

The petitioner, a native and citizen of Yugoslavia, entered the United States as a stowaway in the summer of 1963. Deportability is conceded.

After a hearing July 16, 1964, he was ordered deported. He sought and was denied on October 8, 1964, a stay of deportation under § 243(h) of the Immigration and Nationality Act, Title 8 U.S.C.A. § 1253(h), on the ground that deportation would result in his physical persecution. He was ordered to appear for deportation March 31, 1966. On March 29, 1966, he moved to reopen the hearing to present evidence under § 243(h) as amended October 3, 1965, which provided that he show only persecution and not necessarily physical persecution. On March 30, 1966, the District Director of respondent denied stay of deportation pending rule on the aforesaid motion. On April 1, 1966, the Board of Immigration Appeals denied the motion to reopen. This petition for review followed. Petitioner asserts that denial of his motion to reopen was an abuse of discretion.

The respondent evidently considered the motion to reopen by reviewing the record previously made, in the light of the amendment, and concluded that the

petitioner had not established that he would be subject to physical persecution under the old statute or to persecution on account of race, religion, or political opinion under the amended statute.

The regulations pertinent to motions to reopen require that the new facts to be proved at the reopened hearing be stated in the motion and supported by affidavits or other evidentiary material. (8 C.F.R. § 3.8).

The evidence submitted at the original hearing by the petitioner and his witness, which presented some issues of credibility, led the Special Inquiry Officer to conclude that claims of persecution, other than criminal sanctions reconcilable with generally recognized concepts of justice, were speculative and unsupported by evidence. For example, the petitioner had corresponded with his mother, stepfather and sisters who said nothing to suggest that any of them had been imprisoned in Yugoslavia since the petitioner's departure as a stowaway. Counsel for the petitioner argued in this Court it was unreasonable to conclude from such letters that they had not been imprisoned because they would not be permitted to write of such things. However, it would be equally unreasonable to conclude the opposite from their silence on the subject alone.

In his motion to reopen to allow presentation of evidence under the amended statute, the petitioner did not state what additional facts he proposed to prove and submitted no affidavits or other evidentiary supporting material with reference to such facts.

The petitioner asserts that the rule requiring submission of this information is not always strictly enforced and that proceedings are sometimes reopened on a simple unsupported motion. Whatever the circumstances may be in such other cases, the rule is clear and the petitioner did not comply with it.

We find no such abuse of discretion here as would justify our reversal of the decision of the respondent. United States ex rel. Cantisani v. Holton, 7 Cir., 1957, 248 F.2d 737, cert. den. 356 U.S. 932, 78 S.Ct. 774, 2 L.Ed.2d 762; Kam Ng v. Pilliod, 7 Cir., 1960, 279 F.2d 207, 210–211, cert. den. 365 U.S. 860, 81 S.Ct. 828, 5 L.Ed.2d 823; Blagaic v. Flagg, 7 Cir., 1962, 304 F.2d 623, 626.

The petition to review and reverse is denied.

Petition denied.