Faustino Rafael **MURGIA–MELENDREZ,**
Petitioner,

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

**No. 22428.**

United States Court of Appeals
Ninth Circuit.

Feb. 5, 1969.

---

William James Zumwalt (argued), San Diego, Cal., for appellant.

James Stotter II (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., Joseph Sureck, Reg. Counsel, San Pedro, Cal., Stephen M. Suffin, INS, San Francisco, Cal., Ramsey Clark, Atty. Gen., Washington, D. C., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

BARNES, Circuit Judge:

Petitioner, a native and citizen of Mexico, was convicted on April 25, 1967, in the Superior Court of the State of California in and for the County of San Diego, of possession of marijuana, a violation of § 11530 of the Health and Safety Code of that State. He was then nineteen years old. On June 26, 1967, a deportation hearing was convened. Appellant attended unrepresented by counsel and was found deportable, because of his conviction, under section 241(a) (11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a) (11).

Petitioner, through counsel, challenged the decision in the Board of Immigration Appeals which, pointing out that remanding the case would be fruitless since no discretionary relief was available to petitioner, dismissed the appeal. Petitioner seeks review in this court under 8 U.S.C. § 1105.

The challenge to the Board's decision is purely procedural; petitioner makes no exception to the state conviction or its consequences. Two assignments of error are summarized from petitioner's analysis of the original proceedings: (1) That 8 U.S.C. § 1252(b) (2), which requires an alien to obtain counsel at his own expense, violates petitioner's Sixth Amendment rights; (2) that peti-

tioner did not make a knowing waiver of counsel.

Our review of the record and examination of controlling case law compels us to reject both of these points; we affirm the holding of the Board of Immigration Appeals.

Petitioner was notified of the hearing through an order to show cause served on him through the mails. It read, in part,

"If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Immigration and Naturalization Service. You should bring with you any affidavits or other documents which you desire to have considered in connection with your case." [1] (R.T. at 33a).

At the hearing, petitioner was informed of his rights by the Special Inquiry officer, pursuant to 8 U.S.C. § 1252 and 8 C.F.R. § 242.16(a):

"Q. In these proceedings, you have the right to be represented by counsel or other authorized representative of your choice, but at no expense to the United States Government. Have you obtained representation for this hearing?

"A. Not for this hearing, sir.

"Q. Are you willing to proceed with the hearing of this matter at this time without representation?

"A. Yes, sir."

Petitioner, who admits he speaks and comprehends English, and who does not claim to be an indigent, argues that these measures are inadequate under the Sixth Amendment mandate. It is petitioner's position that these proceedings, because of their potential consequences, are of a criminal nature, like those faced by a juvenile in the In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) situation. It follows, contends petitioner,

---

1. Since Petitioner did present a letter on his behalf (R.T. at 45), it is arguable he

read and comprehended this portion of the order.

that because a stringent standard of due process must be observed, effective representation can only be obtained through counsel. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) are evidence of the premium placed on adequate legal representation by the Supreme Court. Petitioner reasons that he should have received instructions that counsel would be provided—at government expense if necessary—if he desired it.[2]

We decline to endorse petitioner's position because of compelling case law which has rejected this line of reasoning. The Supreme Court has repeatedly held that a deportation proceeding is not a criminal prosecution. Woodby v. Immigration Service, 385 U.S. 276, 285, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966); Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586 (1952); United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221 (1923); Diric v. Immigration & Nat. Serv., 400 F.2d 658 (9th Cir. 1968). It follows, inevitably, that petitioner cannot rely on criminal case law. Nason v. Immigration & Nat. Serv., 370 F.2d 865, 868 (2d Cir. 1967); Ah Chiu Pang v. Immigration & Nat. Serv., 368 F.2d 637, 639 (3d Cir.), cert. denied 386 U.S. 1037, 87 S.Ct. 1490, 18 L.Ed.2d 601 (1966). The first assignment of error is without merit.

Petitioner's second contention is that his failure to enploy an attorney was not a knowing waiver of petitioner's right to counsel. Petitioner argues that he was not informed that he faced deportation or that he would receive only one hearing on the merits of his case.

The show cause order received by petitioner is titled "In Deportation Proceedings under Section 242 of the Immigration and Nationality Act" and reads, in the center of its first page, "it is charged that you are subject to deportation. * * *" Before asking petitioner whether or not he had counsel, the hearing examiner posed this question which was answered in the affirmative:

"Q. Mr. Murgia, you are informed that this is a hearing to determine whether you are subject to deportation from the United States. Do you understand that?"

The opinion of the Board of Immigration Appeals states:

"We have carefully reviewed the record of the hearing accorded the respondent on June 26, 1967. We note that the nature of the proceeding was fully explained to the respondent by the special inquiry officer at its inception." (R.T. at 3.)

Viewed against this background, petitioner's claim of his being unaware of the nature and consequence of the proceedings is unpersuasive. Since "[i]t is clear that the privilege of being represented by counsel expressed in the statute cited above [§ 242(b) of the Act] is one which may be waived in a deportation proceeding," Millan-Garcia v. Immigration & Nat. Serv., 343 F.2d 825, 828 (9th Cir.), rev'd on other grounds 382 U.S. 69, 86 S.Ct. 247, 15 L.Ed.2d 144 (1965), we do not find petitioner's decision to proceed without an attorney to be a ground for reversal. Giaimo v. Pederson, 289 F.2d 483, 484 (6th Cir. 1961); Diric v. Immigration & Nat. Serv., 400 F.2d 658, 661 (9th Cir. 1968).

Nor do we find that petitioner's age precluded him from making an intelligent waiver. As this court stated in DeSouza v. Barber, 263 F.2d 470, 476–477 (1959):

"Whether the confession or admission is competent depends not alone upon the infant's age, but also upon his intelligence, education, information, un-

---

2. Since petitioner does not claim indigence, it is not clear how he would have benefited from these instructions had they been given. *Cf.* Bisaillon v. Hogan,

257 F.2d 435, 437 (9th Cir.), cert. denied 358 U.S. 872, 79 S.Ct. 112, 3 L.Ed.2d 104 (1958).

derstanding and ability to comprehend. [citing cases]

"The same factors should be considered in determining whether an infant is competent to waive counsel."

Our review of the record does not convince us that petitioner was incapable of waiver under this standard.[3]

Finding petitioner's assignments of error to be without merit, we affirm the decision of the Board of Immigration Appeals.

---

3. While it is not a controlling point, our decision is strengthened by the fact that the case against petitioner was built not on his own testimony—where the services of counsel would be crucial—but on the public record of his state conviction.

Compare this situation with that in Rose v. Woolwine, 344 F.2d 993, 995 (4th Cir. 1965).