**Jose LUNA–BENALCAZAR, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 18841.**

United States Court of Appeals
Sixth Circuit.

July 31, 1969.

Randall Winston, Detroit, Mich., for petitioner.

Constance S. Rotan, Dept. of Justice, Washington, D. C., for respondent, Roger J. Kalkey, U. S. Atty., Thomas R. Smith, Asst. U. S. Atty., Cincinnati, Ohio, on brief, Paul C. Summitt, Atty., Dept. of Justice, Washington, D. C., of counsel.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

Petitioner, a native and citizen of Ecuador, entered the United States for permanent residence on September 22, 1962. In August, 1964, after he had been released from Ypsilanti State Hospital following several months of mental examinations and treatment, Petitioner departed the United States under an Ecuadorian passport and was admitted to Ecuador on August 14, 1964. On May 20, 1965, Petititioner re-entered the United States at Miami, Florida. On November 10, 1966, an order to show cause issued charging that Petitioner was subject to deportation under Section 241(a) (1) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a) (1). At the time of his last entry on May 20, 1965, Petitioner was excludable under Section 212(a) (3) of the Act, 8 U.S.C. § 1182(a) (3), as an alien who had had one or more attacks of insanity.

Deportation proceedings before a Special Inquiry Officer pursuant to Section 242 of the Act, 8 U.S.C. § 1252, were held on February 20, 1967 at the Ypsilanti State Hospital.

On February 23, 1967, the Special Inquiry Officer found Petitioner deportable as charged. No appeal was taken to the Board of Immigration Appeals.

On February 9, 1968, Petitioner filed suit in the United States District Court at Detroit, Michigan, seeking a temporary restraining order and an order to show cause. This suit was dismissed by stipulation on April 18, 1968.

On March 25, 1968, Petitioner filed a motion to reopen the deportation proceedings with the Special Inquiry Officer alleging insufficiency of the evidence in the prior proceeding as well as the invalidity of deporting persons who have had one or more attacks of insanity. Respondent opposed on the ground that the motion did not allege any new facts to justify a reopening under 8 C.F.R. 103.5. On March 29, 1968, the Special Inquiry Officer denied the motion to reopen. An appeal was taken to the Board of Immigration Appeals, but was dismissed on June 25, 1968. The Petitioner then filed the present petition for review under Section 106(a) of the Act, 8 U.S.C. § 1105a(a).

█ It is apparent from the record that Petitioner failed to exhaust his administrative remedies by making a timely appeal after the entry of the deportation order on February 23, 1967. Section 106 of the Act, 8 U.S.C. § 1105a. Therefore, any judicial review by this Court pertaining to that order of deportation is foreclosed. Section 106(c) of the Act, 8 U.S.C. § 1105a(c). Velasquez Espinosa v. Immigration and Naturalization Service, 404 F.2d 544, 545 (9th Cir. 1968); In Ja Kim v. Immigration and Naturalization Service, 403 F.2d 636 (7th Cir. 1968); Arias-Alonso v. Immigration and Naturalization Service, 391 F.2d 400 (5th Cir. 1968); *Cf.* Chul Hi Kim v. Immigration and Naturalization Service, 357 F.2d 904, 906 (7th Cir. 1966) and Bregman v. Immigration and Naturalization Service, 351 F.2d 401, 402 (9th Cir. 1965).

██ We now come to the question of whether this Court has jurisdiction to review the Board's dismissal of an

appeal[1] relating to the Special Inquiry Officer's denial of Petitioner's motion to reopen his deportation proceedings. The Supreme Court of the United States held, in Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), that the denial of a motion to reopen under 8 C.F.R. § 3.8 is reviewable as a "final order of deportation". Inasmuch as this Court under the *Giova* decision has jurisdiction to review a motion to reopen as a "final order" pursuant to 8 U.S.C. § 1105a, it follows that jurisdiction also lies to review the Board's dismissal of an appeal regarding the denial of a motion to reopen. See Cheng Fan Kwok v. Immigration and Naturalization Service, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968); Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964); Foti v. Immigration and Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). *Cf.* Novinc v. Immigration and Naturalization Service, 371 F.2d 272 (7th Cir. 1967); Chul Hi Kim v. Immigration and Naturalization Service, 357 F.2d 904 (7th Cir. 1966); Bregman v. Immigration and Naturalization Service, 351 F.2d 401 (9th Cir. 1965). The Board of Appeals found a factual basis in the record supporting the refusal to reopen by the Special Inquiry Officer. The record reveals that the motion to reopen neither contained "* * * new facts to be proved at the re-opened proceeding * * * [nor was] * * * supported by affidavits or other evidentiary material" as required by 8 C.F.R. § 103.-5 and § 242.22. Novinc v. Immigration and Naturalization Service, 371 F.2d 272, 273 (7th Cir. 1967). We see no abuse in the discretion of the Special Inquiry Officer in denying the motion to reopen or in the Board's dismissal of Petitioner's appeal. Facts in the record fully support both actions.

The petition for review is therefore denied.

---

1. The appeal was taken pursuant to 8 C.F.R. § 3.3(a).