**Sergio TUPACYUPANQUI–MARIN,** ·Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 18857.**

United States Court of Appeals, Seventh Circuit.

Aug. 24, 1971.

---

Fairchild, Circuit Judge, dissented and filed opinion.

Joseph B. Gilbert, Chicago, Ill., for petitioner.

William J. Bauer, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent; Will Wilson, Asst. Atty. Gen., Paul C. Summitt, Murray R. Stein, Attys., Dept. of Justice, Washington, D. C., of counsel.

Before MAJOR, Senior Circuit Judge, and FAIRCHILD and PELL, Circuit Judges.

PELL, Circuit Judge.

Petitioner Sergio Tupacyupanqui-Marin was ordered deported on May 22, 1970, by the Immigration and Naturalization Service. His application for voluntary departure in lieu of deportation was denied by the same order. He did not appeal that order but filed a motion with the special inquiry officer seeking to have his case reopened. That motion was denied and the denial appealed to the Board of Immigration Appeals. The Board dismissed the appeal. This petition for review was then filed.

Petitioner is a native and citizen of Ecuador. His wife and eight children reside there. He has no immediate relatives in this country. Petitioner first entered the United States on January 27, 1968, as a tourist. He took a job, apparently immediately, with Carson, Pirie, Scott & Co. at O'Hare International Airport in Chicago. He was apprehended by immigration authorities and was granted the privilege of voluntary departure in lieu of deportation.[1] He left the United States on May 16, 1968.

---

1. Section 244(e) of the Immigration and Nationality Act, 8 U.S.C. § 1254(e), provides for the discretionary granting of the voluntary departure privilege in certain cases:

"The Attorney General may, in his discretion, permit any alien under deportation proceedings, other than an alien within the provisions of paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), or (18) of section 241(a) (and also any alien within the purview of such paragraphs if he is also within the provisions of paragraph (2)

Petitioner reentered this country on October 20, 1968, as a visitor for pleasure with permission to remain until November 20, 1968. He immediately returned to his former job with Carson, Pirie and failed to depart on schedule.

Petitioner was again apprehended by the immigration authorities on May 22, 1970. At that time he was served with an Order to Show Cause and Notice of Hearing to determine whether he was deportable under Section 241(a) (2) of the Act, 8 U.S.C. § 1251(a) (2),[2] as a visitor for pleasure who had overstayed his authorized departure date. He executed a written request for prompt hearing before a special inquiry officer and waived any right to a more extended notice.[3] A hearing was held the same day.

Since petitioner stated that he did not understand English, the hearing was conducted through a Spanish interpreter. The special inquiry officer explained the nature and purpose of the show cause order and of the hearing. Petitioner stated that he understood. Petitioner was then advised that he had the right to be represented by counsel of his own choice at no expense to the Government and was asked whether he wished to obtain one or to proceed without an attorney. He answered that he wished to proceed without counsel.

Petitioner was then advised that he should immediately object whenever he felt something was unfair or not right. He was further advised that he had the right to examine all evidence against him and to present evidence on his own behalf. Under examination by the inquiry officer, petitioner admitted all the facts stated in the show cause order and admitted that he was deportable as a visitor for pleasure who had overstayed his departure date.[4]

The inquiry officer then turned to the question of whether petitioner should be granted the privilege of voluntary departure. Under the officer's questioning, petitioner freely told of his previous visit to, employment in, and voluntary departure from the United States. He further stated that he knew his original employment had violated the law but that he had nevertheless returned less than six months following his voluntary departure with the intention of resuming that employment.

Under questioning by the trial attorney for the Immigration and Naturalization Service, petitioner admitted that he had tried to escape from the officers who had apprehended him. He stated that his reason was that he had intended to leave the United States in December, seven months later, and wished to do so on his own volition.

Based on the above evidence, the special inquiry officer found petitioner deportable. The officer further ruled that the request for voluntary departure would

of subsection (a) of this section), to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure under this subsection."

2. Section 241(a) (2) provides:
 "(a) Any alien in the United States * * * shall, upon the order of the Attorney General, be deported who—
 * * * * *
 (2) entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in viola-

tion of this Act or in violation of any other law of the United States;
 * * * "

3. Under the Code of Federal Regulations, 8 C.F.R. § 242.1(b), petitioner was entitled to seven days notice of the hearing unless the officer issuing the show cause order set a shorter period for reasons of the public interest, safety or security or "at the request of and for the convenience of the respondent [petitioner here]."

4. Petitioner has never, and does not now, deny that he is deportable. He, however, has now stayed in the United States nearly three years longer than the period to which he was entitled by his entry permission.

be denied as a matter of administrative discretion. In so ruling he stressed petitioner's abuse of the privilege on a previous occasion and also noted his attempted escape from the immigration officers.

The inquiry officer then informed petitioner of his right to appeal and of the fact that the above decision would be final unless petitioner appealed. Petitioner stated that he did not wish to appeal.

Shortly after his hearing, petitioner obtained his present attorney and filed a motion to reopen the deportation proceeding to reconsider the question of voluntary departure.[5] As stated above, the motion was denied and petitioner's appeal of the denial to the Board of Immigration Appeals was dismissed.

■ Petitioner raises several issues on this petition for review. Precisely stated, the question for our determination is only whether the refusal to reopen petitioner's deportation proceeding was an abuse of discretion. *See* Kladis v. Immigration and Naturalization Service, 343 F.2d 513, 515 (7th Cir. 1965). We find nothing in the various contentions of petitioner which indicates that the immigration authorities have abused their discretion in failing to reopen his case. His contentions merit only brief treatment.

Petitioner first asserts that the Government has failed to show that he intelligently waived his right to seven days notice of his deportation hearing. The record contains petitioner's signed request for a prompt hearing. Petitioner makes no allegation that his signature on this form was procured by any coercion, abuse, threat or promise. In fact, he does not even allege that he did not understand what he was doing when he signed the form. He only alleges that he did not understand English. On the other hand, it appears quite plausible that petitioner would desire a speedy

hearing. He was in custody at the time and may have hoped to expedite his release by a prompt hearing. Further, having once succeeded in gaining voluntary departure by promptly admitting his transgression of the immigration laws, he may have hoped to succeed again by the same method. On this record we are not persuaded that the request form was not voluntarily signed. It is certainly clear that it was not an abuse of discretion to deny a reopening on the basis of this contention.

Petitioner next contends that he did not intelligently waive counsel at his deportation hearing since he was not advised that he could have appointed counsel if he could not afford retained counsel.

■ However, since a deportation hearing is not a criminal proceeding, petitioner's reliance on cases granting the right to appointed counsel in criminal cases is misplaced. Murgia-Melendrez v. Immigration and Naturalization Service, 407 F.2d 207, 209 (9th Cir. 1969). No such right exists as to deportation hearings. Id. Therefore, petitioner was fully informed of his rights when told that he was entitled to be represented by counsel not at the Government's expense. Being so informed, he chose to proceed without counsel.

Further, we fail to find any harm to the petitioner in this situation as the record indicates that his waiver of representation was in no way attributable to a claimed inability to pay for legal services.

Petitioner also maintains that he did not intelligently waive his right to appeal the decision of the special inquiry officer. The record, however, shows that the inquiry officer fully explained the consequences of not taking an appeal and then asked petitioner whether he desired to appeal. Petitioner replied that he did not. Once again, this clear record is not

5. The special significance of obtaining the voluntary departure privilege is that it enables the deportable alien to apply for reentry into the United States in the future without the necessity of obtaining permission from the Attorney General as required in the case of aliens who have been deported. 8 U.S.C. § 1182(a) (17).

challenged by any straight-forward allegation that petitioner did not know what he was doing. The only contention is that no one explained the meaning of the words spoken to petitioner by the inquiry officer through the official interpreter. This vague allegation, unaccompanied by so much as a hint that petitioner did not understand the words without further detailed explanation, is insufficient in light of the clear record. Again, it is impossible to say that it was an abuse of discretion to deny a reopening on the basis of such an allegation.

Finally, petitioner argues that the special inquiry officer denied the voluntary departure privilege on the ground that petitioner had tried to escape from the immigration officers, but that the record fails to establish a factual basis for this ground. There are two easy answers to this contention. First, our reading of the inquiry officer's decision makes plain that he was far more impressed with petitioner's previous abuse of the voluntary departure privilege than with his alleged attempted escape. Certainly the former is an adequate ground for denying the privilege. Second, we think there is ample support in the record for a finding that petitioner did attempt to escape from the immigration officers. While, as petitioner contends, there were some aspects of leading questioning in this phase of the interrogation, this was not of such nature as to compel the answers which the petitioner gave. Indeed, he expressed in his own words without any suggestions from the officer his motivation for trying "to escape."

In disposing of this case, we note the existence of an independent ground justifying the refusal to reopen. Petitioner failed to support his motion to reopen by affidavit or other evidentiary material as required by 8 C.F.R. § 3.8. This alone is normally sufficient to overcome the contention that the denial of such a motion was an abuse of discretion. Luna-Benalcazar v. Immigration and Naturalization Service, 414 F.2d 254, 256 (6th Cir. 1969); Novinc v. Immigration and Naturalization Service, 371 F.2d 272, 273 (7th Cir. 1967). But quite apart from its independent sufficiency, we find this failure supportive of our previous conclusion that petitioner's various contentions are completely without merit.

For the reasons stated, the petition for review is denied.

Petition denied.

FAIRCHILD, Circuit Judge (dissenting).

Petitioner offers nothing to refute deportability or to produce a favorable exercise of discretion as to voluntary departure. This is a singularly unattractive case in which to urge expansion of procedural rights in deportation proceedings. But it does seem to me that one facing such proceedings should not be strictly held to an apparent waiver of counsel and appeal and a minimal time in which to prepare for hearing without more thorough and careful explanation of such rights than this record shows.