**346**

Martin Diaz PEÑA, Petitioner-Plaintiff,

v.

U. S. DEPARTMENT OF JUSTICE, IM-
MIGRATION AND NATURALIZA-
TION SERVICE, D. T. Longo, District
Director, Respondent-Defendant.

Civ. No. 1006–71.

United States District Court,
D. Puerto Rico.

Jan. 4, 1972.

Richard Ramos Algarin, Santurce, P.
R., for petitioner-plaintiff.

Julio Morales Sanchez, U. S. Atty.,
and Wally de la Rosa, Asst. U. S. Atty.,
San Juan, P. R., for respondent-defend-
ant.

ORDER

TOLEDO, District Judge.

This cause came on to be heard on
plaintiff's motion for a preliminary in-
junction filed on December 30, 1971,
pursuant to an order to show cause, and
defendant's motion to dismiss for lack of
jurisdiction filed on January 13, 1972.

A hearing was held on January 17,
1972, and after hearing the evidence and
arguments of counsel, the Court now
renders its memorandum and opinion.

Petitioner is a native and citizen of
the Dominican Republic who was admit-
ted to the United States for permanent
residence on September 9, 1969. He was
admitted as an immediate relative,
spouse of a United States citizen. His
visa contained a petition executed by a
United States citizen to whom the re-
spondent was civilly married. He was,
therefore, exempt from the provisions of
Section 212(a) (14) of the Immigration
and Nationality Act.

On February 11, 1971, in a deporta-
tion hearing before a Special Inquiry
Officer of the Immigration and Natural-
ization Service in San Juan, Puerto
Rico, the petitioner-plaintiff was found
to be deportable since at the time peti-
tioner obtained his visa and at the time
he entered the United States, he had not
resided with his citizen wife. The Spe-
cial Inquiry Officer found that there
had been no marital relationship since
two months after the marriage. Accord-
ingly, he concluded that at the time of
entry the petitioner required a labor cer-
tification under Section 212(a) (14) of
the Immigration and Nationality Act,
since the marital relationship had ceased
to exist many months prior to petition-
er's entry into the United States. He
was denied his application for voluntary

departure and his deportation was ordered from the United States.

An appeal was taken by petitioner to the Board of Immigration Appeals as a result of which it was ordered, on May 6, 1971, that petitioner be granted the privilege of voluntary departure within a period of thirty (30) days from the date of the order and the determination of the Special Inquiry Officers that plaintiff was deportable, was sustained.

On June 15, 1971, petitioner filed application for stay of deportation in the local office of the Immigration and Naturalization Service which was denied by the District Director, D. T. Long, in letter to petitioner, dated July 16, 1971. There exists, therefore, from this date, an outstanding warrant for the deportation of this petitioner from the United States to the Dominican Republic.

The present complaint was filed on December 30, 1971, seven months and twenty-four days after the date of the order of the Board of Immigration Appeals dated May 6, 1971.

The Government argues that this Court lacks jurisdiction over this matter pursuant to Title 8, United States Code, Section 1105a(a) (2). Said Section states as follows:

"§ 1105a. Judicial review of orders of deportation and exclusion—Exclusiveness of procedure

(a) The procedure prescribed by, and all the provisions of sections 1031 to 1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title or comparable provisions of any prior Act, except, that—

Time for filing petition

(1) a petition for review may be filed not later than six months from the date of the final deportation order or from the effective date of this section, whichever is the later.

Venue

(2) the venue of any petition for review under this section shall be in the judicial circuit in which the administrative proceedings before a special inquiry officer were conducted in whole or in part, or in the judicial circuit wherein is the residence, as defined in this chapter, of the petitioner, but not in more than one circuit;"

■■ A denial of a stay of deportation sought after deportation has been ordered, is not a final order of deportation. Li Cheung v. Esperdy, 377 F.2d 819, (2nd Cir. 1967). Therefore, the stay requested by plaintiff on June 15, 1971 and its corresponding denial on June 16, 1971, by the District Director, D. T. Longo, does not alter the commencement of the Statutes of Limitation on May 6, 1971. Section 243.1 of 8 C. F.R. establishes what is a final order of deportation, to wit:

"§ 243.1 Final order of deportation.

Except as otherwise required by section 242(c) of the Act for the specific purposes of that section, an order of deportation, including an alternate order of deportation coupled with an order of voluntary departure, made by the special inquiry officer in proceedings under Part 242 of this chapter *shall become final upon dismissal of an appeal by the Board of Immigration Appeals upon waiver of appeal, or upon expiration of the time allotted for an appeal when no appeal is taken; or, if such an order is issued by the Board or approved by the Board upon certification, it shall be final as of the date of the Board's decision."* (Emphasis added)

Plaintiff has filed a complaint in the nature of an injunction as it is alleged, but on oral argument, and in his brief, plaintiff states that this Court has jurisdiction in that the proceeding should be considered an Habeas Corpus. The thrust of plaintiff's argument is based on the case of Varga v. Rosenberg, 237 F.Supp. 282 (S.D.Cal., 1964), which in itself defeats plaintiff's argument.

**348**

" . . . Ordinarily habeas corpus is not available when there is another remedy in the regular course. However, one of the recognized exceptions occurs in the case where the judgment under which petitioner is held is *wholly void*. Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070 (1923)." (Emphasis added).

Plaintiff has failed to allege or prove to this Court that the procedures utilized by the Immigration and Naturalization Service are wholly void. In contrarious sensus the appeal to the Board of Immigration Appeals benefited him in that he was given the right to a voluntary departure.

Plaintiff is in essence trying to attack the prior proceedings held by the Immigration and Naturalization Service and its findings of fact. This he cannot do. Varga v. Rosenberg, supra, p. 286.

■ There can be no doubt that the appropriate court to entertain a complaint of this nature is the Circuit Court of Appeals for this circuit. Title 8, U. S.C., Section 1105a.

Foti v. Immigration and Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281. Kelch v. Kennedy, D. C.Md.1962, 209 F.Supp. 416; Blagaic v. Flagg, C.A.7, 1962, 304 F.2d 623; Grubisic v. Esperdy, D.C.N.Y.1964, 229 F. Supp. 679. The Circuit Court of Appeals is empowered to review final deportation orders, and motions to reopen. Giova v. Rosenberg, 1964, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90; Luna-Benalcazar v. Immigration and Naturalization Service, 6 Cir. 1969, 414 F.2d 254, 256; Velázquez Espinosa v. Immigration and Naturalization Service, 9 Cir. 1968, 404 F.2d 544; Cheng Kai Fu v. Immigration and Naturalization Service, 2 Cir. 1967, 386 F.2d 750, cert. denied 390 U.S. 1003, 88 S.Ct. 1247, 20 L.Ed.2d 104; Novinc v. Immigration and Naturalization Service, 7 Cir. 1967, 371 F.2d 272; Lopez v. United States Department of Justice, Immigration and Naturalization Service, 3 Cir. 1966, 356 F.2d 986,

cert. denied, 385 U.S. 839, 87 S.Ct. 88, 17 L.Ed.2d 73.

A petition for review has to be filed within a six-month period from the date of the order to be reviewed, 8 U.S.C.A. 1105a(a) (1); Loza-Bedoya v. Immigration and Naturalization Service, 9 Cir. 1969, 410 F.2d 343; Velázquez Espinosa v. Immigration and Naturalization Service, supra; Toon-Ming Wong v. Immigration and Naturalization Service, 9 Cir. 1966, 363 F.2d 234; López v. United States Department of Justice, Immigration and Naturalization Service, supra.

Therefore, it is hereby ordered, adjudged and decreed, that the present action be and is hereby dismissed.