UNITED STATES of America, Appellee,

v.

Ramon GASCA–KRAFT, Appellant.

No. 74–3328.

United States Court of Appeals, Ninth Circuit.

Aug. 21, 1975.

---

* Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

Glenn S. Warren (argued), Federal Public Defenders, San Diego, Cal., for appellant.

Peter K. Nunez, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., James W. Meyers, Asst. U. S. Atty., on the brief, San Diego, Cal., for appellee.

OPINION

Before CHAMBERS, Chief Judge, and MOORE * and HUFSTEDLER, Circuit Judges.

MOORE, Circuit Judge:

Ramon Gasca-Kraft, an alien, appeals from a conviction, following a nonjury trial, on a two count indictment charging him with (1) illegal entry into the United States after he had been previously deported, 8 U.S.C. § 1326,[1] and (2) making

---

* Honorable Leonard P. Moore, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

1. 8 U.S.C. § 1326 provides as follows:

Any alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both.

a willful false claim of citizenship in violation of 18 U.S.C. § 911.[2] Appellant Gasca-Kraft argues (1) that a deportation order entered after a hearing in which he, as the respondent, was not offered appointed counsel may not be used as one of the "elements" of a subsequent criminal prosecution for illegal re-entry and (2) that the evidence at trial was insufficient to support a conviction on the willful false claim count.

In 1973 Ramon Gasca-Kraft appeared as respondent at a deportation hearing. He was informed at that time that he had a right to have counsel present if he could afford to retain one.[3] Apparently he indicated, along with 14 other respondents that he had no such desire.[4] A deportation order was entered and on September 17, 1973 Gasca-Kraft was deported to Mexico.

2. 18 U.S.C. § 911 provides as follows:
   Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined not more than $1,000 or imprisoned not more than three years, or both.

3. Two statutory provisions grant aliens the privilege of being represented by retained counsel. See §§ 242(b) and 292 of the Immigration and Naturalization Act of 1952, 8 U.S.C. §§ 1252(b); 1362. Immigration and Naturalization Service regulations require that at the opening of a hearing the special inquiry officer conducting a deportation hearing advise the respondent of his right to representation by retained counsel and require the respondent to state for record whether he desires such representation. 8 CFR §§ 242.16(a) and (d).

4. Gasca-Kraft and 14 other respondents waived their rights to counsel at the September 17, 1973 hearing:
   BY THE IMMIGRATION JUDGE:
   "During the hearing this afternoon you may if you wish, be represented by an attorney or by some other qualified person who would speak and act for you and protect your interests. This is known as your right to counsel. Now, if you desire to be represented I shall postpone your hearing to a later date so that you will have an opportunity to talk to an attorney about your immigration problem. Do you desire to be represented by counsel?"
   INTERPRETER:
   "By all 15, no."

On September 13, 1974, Gasca-Kraft attempted to enter the United States once again at Calexico and, in response to a question of a customs officer as to his citizenship, he answered that he was a United States citizen. He had no valid immigration documents and was detained while the customs officers investigated and determined that Gasca-Kraft had been deported in 1973. He was then arrested on the charge of illegal re-entry and false claim of citizenship.

As above-mentioned, he was indicted under 8 U.S.C. § 1326. He moved to dismiss the indictment on the ground that the 1973 deportation hearing was conducted without an offer of counsel at government expense. The motion was denied and Gasca-Kraft elected to be tried by the court without a jury on the basis of Stipulated Facts.[5]

JUDGE:
"Gentlemen, since you waive your right to counsel and are representing yourselves, I want you to understand that you do have rights during this hearing . . . ." Government's Memorandum in Opposition to Appellant's Motion to Dismiss the Indictment at 2, *quoting* Transcript of the Deportation Hearing of September 17, 1973.

5. Stipulated Facts.
   IT IS HEREBY STIPULATED by and between Plaintiff, United States of America, and the defendant in the above-entitled action, RAMON GASKA–KRAFT, by himself and through his attorney of record, Glenn Warren, Federal Defenders of San Diego, Inc., that:
   1. The defendant, RAMON GASKA–KRAFT, was born in the Republic of Mexico;
   2. The defendant's father was born in the Republic of Mexico and was a citizen of Mexico;
   3. The defendant's mother was born in the United States of America and had resided in the United States until she was eighteen years of age, at which time she moved to Mexico;
   4. The defendant was deported from the United States to Mexico on September 17, 1973, at the Port of Entry, Calexico, California;
   5. On September 13, 1974, the defendant attempted entry into the United States at the Port of Entry, Calexico, California, by making a verbal claim to United States citizenship;
   6. At the time of his attempted entry into the United States on September 13, 1974, the defendant had no valid immigration documents which authorized his entry into or his presence in the United States.

■ A material element of the offense defined by 8 U.S.C. § 1326 is a *lawful* deportation. Thus, in prosecuting an alleged violation of § 1326, the Government must prove beyond a reasonable doubt that the defendant "illegally entered the United States after being deported according to law." (*Pena-Cabanillas v. United States,* 394 F.2d 785, 789 (9th Cir. 1968) [citing *United States v. Bowles,* 331 F.2d 742, 750 (3rd Cir. 1964)]; *see also United States v. Osuna-Picos,* 443 F.2d 907 (9th Cir. 1971) [reversing a § 1326 conviction on the ground that the deportation was unlawful]; *United States v. Bowles, supra.* ["When Congress made use of the word 'deported' in the statute, it meant 'deported according to law'"] *United States v. Heikkinen,* 221 F.2d 890, 892 (7th Cir. 1955) ["Validity of that order is an inescapable ingredient of the statutory offense with which defendant is charged"].)

Appellant now argues that his 1973 deportation was not "according to law" for two reasons: (1) that the proceeding which resulted in the order was infirm in that he was not furnished with counsel and (2) that the deportation order was unlawful because he had derivative United States citizenship since his mother had been born in the United States and had resided there until she was eighteen years of age at which time she moved to Mexico.

As to the first ground:

■■ A deportation hearing is a civil proceeding, not a criminal one, and a deportation order is not criminal punishment. *See e. g. Woodby v. Immigration Service,* 385 U.S. 276, 285, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966) and *Harisiades v. Shaughnessy,* 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586 (1952). The Immigration and Nationality Act of 1952 contains the first explicit statement of the requirement of a hearing in deportation proceedings and due process requires that the respondent in a deportation hearing receive timely notice; that he have an opportunity to be heard, to cross-examine witnesses against him, and to produce evidence; that the decision be based on the evidence and only on the evidence produced at the hearing; and that the decision be supported by substantial evidence. The 1952 legislation also added a provision embodying the right to representation. However, courts have uniformly held in this circuit and elsewhere that in light of the non-criminal nature of both the proceedings and the order which may be a result, that respondents are not entitled to have counsel appointed at government expense. *See e. g., Martin-Mendoza v. INS,* 499 F.2d 918 (9th Cir. 1974); *Dunn-Marin v. District Director,* 426 F.2d 894 (9th Cir. 1970); *Murgia-Melendrez v. INS,* 407 F.2d 207 (9th Cir. 1960). *See, also, Rosales-Caballero v. INS,* 472 F.2d 1158 (5th Cir. 1973); *Henriques v. INS,* 465 F.2d 119 (2d Cir.) *cert. denied,* 410 U.S. 968, 93 S.Ct. 1452, 35 L.Ed.2d 703 (1972); *Carbonell v. INS,* 460 F.2d 240 (2d Cir. 1972); *Tupacyupanqui-Marin v. INS,* 447 F.2d 603 (7th Cir. 1971).

■■ Since under the law an alien in a deportation proceeding is not entitled to appointed counsel, the deportation order was plainly not unlawful on that ground.

As to the second ground:

■ The facts are undisputed that Gasca-Kraft's mother did not continue to reside in the United States for the required period of not less than ten years, "at least five of which were after attaining the age of fourteen",[6] namely, through her nineteenth birthday. Therefore, he did not have a defense to deportation on this ground. In short, al-

---

6. 8 U.S.C. § 1401(a)(7) provides as follows:
   The following shall be nationals and citizens of the United States at birth:
   . . . a person born outside the geographical limits of the United States . . of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States . . . for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen . . .

though he was entitled to put in issue the legality of his 1973 deportation, he simply failed to do so on legal and factual bases.

 Turning to appellant's argument as to sufficiency of the evidence to support a conviction for willful false claim of United States citizenship, we find viewing the evidence in the light most favorable to the government [7] that the evidence supports the conviction.

Therefore, we affirm the conviction on both counts.

---

7. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).