**Drita GJOKAJ, Petitioner–Appellee,**

v.

**IMMIGRATION AND NATURAL-IZATION SERVICE, Respondent–Appellant.**

No. 02–3604.

United States Court of Appeals, Sixth Circuit.

April 19, 2004.

James J. Hoare, Farmington Hills, MI, for Petitioner.

John J. Andre, Washington, DC, for Respondent.

Before: NORRIS and GILMAN, Circuit Judges; and BUNNING, District Judge.*

## OPINION

BUNNING, District Judge.   .

This is an appeal by Petitioner Drita Gjokaj (Gjokaj) from a decision of the Board of Immigration Appeals (BIA) denying her motion to reconsider its denial of her appeal from the decision of an Immigration Judge (IJ) to deport her *in absentia*. The parties have agreed to waive oral argument, and, upon examination, we agree that oral argument is not needed. Fed. R.App. P. 34(a). Because the BIA did not abuse its discretion in denying Gjokaj's motion to reconsider, we AFFIRM.

* The Honorable David L. Bunning, United States District Judge for the Eastern District

## BACKGROUND

Gjokaj is a native and citizen of the former Yugoslavia who entered the United States unlawfully and without inspection at or near Detroit, Michigan on October 8, 1987. In an order to show cause served on October 27, 1995, she was charged with entering the United States without inspection. Gjokaj attended several hearings before an IJ in a timely manner. During the course of those hearings, Gjokaj conceded her deportability and filed applications for suspension of deportation, asylum, and withholding of deportation.

In a notice of hearing dated October 1, 1997, Gjokaj was notified that she was scheduled for an individual hearing before an IJ on July 15, 1998 at 9:00 a.m. In that notice, Gjokaj was advised that except for exceptional circumstances, her failure to appear at the hearing may result in her hearing being held in her absence. Gjokaj was also advised that in that event, an order of deportation would be entered against her if the Immigration and Naturalization Service (INS) established by clear, unequivocal and convincing evidence that she or her attorney had notice of the hearing and she was deportable.

Gjokaj did not appear for her hearing on July 15, 1998 at 9:00 a.m. At 9:15 a.m., the IJ entered an order of deportation *in absentia*, finding that by not appearing, Gjokaj had abandoned her potential applications for relief. Two minutes later, Gjokaj arrived and claimed that she had been delayed by a traffic accident. The IJ refused to take any testimony by either Gjokaj or any of the passengers who were with her about why Gjokaj was late for the hearing.

of Kentucky, sitting by designation.

On July 22, 1998, Gjokaj timely filed a motion to reopen deportation proceedings before the IJ. In the motion, Gjokaj's counsel claimed that Gjokaj failed to appear at the July 15, 1998 hearing because she had been delayed by a traffic accident. Gjokaj's counsel stated that although it had only taken forty minutes for her to arrive at the courthouse on prior occasions, the traffic accident delayed her arrival on July 15, 1998 by approximately thirty additional minutes. It is undisputed that the motion to reopen was not accompanied by any affidavits or other evidentiary materials.

On November 27, 1998, the IJ denied the motion to reopen on two grounds. In her decision, the IJ held that Gjokaj failed to meet her burden of production pursuant to 8 C.F.R. § 3.2(c)(1), stating:

> The respondent has failed to submit a personal affidavit or other evidence to support her assertions in the motion. The only evidence submitted was counsel's bare motion without any corroborating evidence or affidavits from the respondent.

The IJ also found that Gjokaj's asserted cause for delay, the traffic accident, failed to meet the "exceptional circumstances" standard required to reopen an *in absentia* deportation order.

On December 22, 1998, Gjokaj timely appealed the denial of the motion to reopen to the BIA. In that appeal she challenged the IJ's refusal to reopen the removal proceedings, and more particularly, argued that her proffered excuse did establish exceptional circumstances. She also moved for a remand based on regulations under the Convention Against Torture, a motion that the BIA interpreted as a second motion to reopen.

On February 22, 2002, the BIA dismissed the appeal, agreeing with the IJ that Gjokaj had failed to submit the neces-

sary evidentiary material required to reopen deportation proceedings. The BIA concluded that

> [t]he motion [to reopen] is also deficient in that it does not contain any corroborating evidence, such as proof that the respondent did allow ample travel time, that she encountered unforeseeable circumstances, and that in fact she appeared before the Immigration Judge only 17 minutes late. We therefore conclude that the motion to reopen fails on an evidentiary basis.

Because of the evidentiary basis for its decision, the BIA did not address the issue of under what circumstances Gjokaj's late arrival would have been excusable. The BIA also denied Gjokaj's motion to reopen based on the Convention Against Torture regulations on the grounds that Gjokaj did not provide sufficient evidence of the likelihood that her rights under the Convention would be violated.

On March 22, 2002, Gjokaj filed a motion with the BIA to reconsider its ruling dismissing her appeal. That motion was accompanied by an affidavit from Gjokaj in which she detailed the reasons why she was late for her July 15, 1998 deportation hearing. In its April 30, 2002 decision denying Gjokaj's motion for reconsideration, the BIA ruled that Gjokaj's submission of an affidavit in connection with her motion for reconsideration was "too late." More specifically, the BIA stated:

> Evidence was required to have been submitted with her motion to reopen and is not appropriately considered when first offered in conjunction with a motion to reconsider the dismissal of her appeal from the denial of her motion to reopen. In this regard, the respondent does not contend that her motion to reopen dated July 18, 1998, and filed with the Immigration Court was accompanied by any evidence. Therefore, her motion for re-

consideration fails to establish that this Board erred in dismissing her appeal from the denial of her motion to reopen where her failure to properly submit any evidence with her motion to reopen is unchallenged.

Gjokaj appeals this denial.

█ In her brief, Gjokaj argues that the IJ abused her discretion when she denied Gjokaj's motion to reopen the order of removal. Calling the IJ's decision "draconian," Gjokaj argues that because a reasonable adjudicator[1] examining the facts and circumstances here would have reached a contrary conclusion from the decision reached by the IJ and BIA, the BIA's decision should be reversed and remanded to the Immigration Court for a new hearing. Gjokaj also argues her due process rights were violated by the *in absentia* deportation order.[2]

## ANALYSIS

### JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review the final decision of the BIA pursuant to 8 U.S.C. § 1252. The denial of a motion to reopen or reconsider a removal order is reviewed for an abuse of discretion. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir.2003), citing, *INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Dawood-Haio v. INS*, 800 F.2d 90, 95 (6th Cir.1986) (BIA's decision to deny motion for reconsideration is review for abuse of discretion).

"An abuse of discretion can be shown when the IJ or Board offers no 'rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination against a particular race or group.' " *Denko*, 351 F.3d at 723, (citing, *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir.1982)); *Babai v. INS*, 985 F.2d 252, 255 (6th Cir. 1993) (BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to law).

Pursuant to the applicable statute, INS regulations, and associated case law, the BIA did not abuse its discretion in denying review of the *in absentia* order of deportation.

If an alien fails to appear after written notice has been provided to the alien or the alien's counsel of record, the IJ shall order the alien removed *in absentia* "if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A). Such an order may be rescinded only if the alien files a motion to reopen within 180 days of the removal order and demonstrates that the failure to appear was because of exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i).

Any motion to reopen sought pursuant to section 1229a(b)(5)(C)—

shall state the new facts that will be proven at the hearing to be held if the motion is granted, *and shall be supported by affidavits or other evidentiary material.*

---

1. Under the abuse of discretion standard which applies herein, whether a reasonable adjudicator would have decided the case differently than the IJ and BIA is of no consequence. Thus, Gjokaj's attempt to phrase the standard of review in terms of whether a reasonable adjudicator would have reached a contrary conclusion is unavailing.

2. Although Gjokaj makes a passing reference to "due process" in her brief, by failing to raise her due process claim in her motion for reconsideration, and not supporting her argument with any supporting legal citations she has waived her due process argument.

8 U.S.C. § 1229a(c)(6)(B) (emphasis added); *see also* 8 C.F.R. § 3.2(c)(1). "The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions in this section." 8 C.F.R. § 3.2(a)(1).

"Exceptional circumstances" are specifically defined as matters "beyond the control of the alien," including "serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances." 8 U.S.C. § 1229a(e)(1). In determining whether exceptional circumstances exist in any given case, the IJ shall consider the totality of the circumstances. *Denko*, 351 F.3d at 723.

■ In this case, Gjokaj's motion to reopen was denied because she failed to support her motion with affidavits or other evidentiary material as required by statute and applicable INS regulations. Several appellate courts, including our own, have enforced these evidentiary requirements. *See, e.g., Luna–Benalcazar v. INS*, 414 F.2d 254, 256 (6th Cir.1969) (petitioner's failure to support motion to reopen with affidavits or other evidentiary materials is sufficient to overcome the contention that the denial of such a motion was an abuse of discretion); *Sanchez v. INS*, 707 F.2d 1523, 1526 (D.C.Cir.1983) (same); *Sida v. INS*, 665 F.2d 851, 853 (9th Cir.1981) (affirming BIA's denial of motion to reopen due to alien's failure to support motion with new and material facts, supported by affidavits or other evidentiary materials); *Oum v. INS*, 613 F.2d 51, 54 (4th Cir. 1980); *Acevedo v. INS*, 538 F.2d 918, 920 (2nd Cir.1976) (blanket motion to reopen, unaccompanied by affidavits or other evidentiary materials, is insufficient); *Tupacyupanqui–Marin v. INS*, 447 F.2d 603, 607 (7th Cir.1971) (denial of motion to reopen deportation proceeding was not an abuse of discretion where alien failed to support motion to reopen with affidavits or other evidentiary material).

Although Gjokaj's counsel did explain the reasons why Gjokaj was not present at 9:00 a.m. in his motion to reopen, these statements or representations are not evidence and were not entitled to any evidentiary weight. *INS v. Phinpathya*, 464 U.S. 183, 188–89 n. 6, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984); *Ghosh v. Attorney General*, 629 F.2d 987, 989 (4th Cir.1980) (statements made in a brief, motion, or letter are not entitled to any evidentiary weight); *see also INS v. Jong Ha Wang*, 450 U.S. 139, 143, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam) (upholding regulation requiring alien to allege and support by affidavit or other evidentiary material the particular facts claimed to constitute *prima facie* eligibility for relief).

The explanation given by the IJ and the BIA in denying both the motion to reopen and motion for reconsideration was rational and consistent with the evidentiary requirements of 8 U.S.C. § 1229a(c)(6)(B) and 8 C.F.R. § 3.2(c)(1). Moreover, it did not depart from established policies of the INS or rest on an impermissible basis. Here, the BIA denied reconsideration of Gjokaj's appeal because she had not submitted her affidavit or other evidentiary materials with her motion to reopen as required. Gjokaj could have submitted the affidavit to the IJ on her motion to reopen or to the BIA on her initial appeal. A requirement that individuals faced with deportation timely submit proof of their claims is consistent with a need for efficient dispositions of immigration cases, and is not unreasonable. Because Gjokaj did not submit affidavits or other evidentiary materials with her motion to reopen, the BIA did not abuse its discretion in denying her motion for reconsideration. *Luna–Benalcazar*, 414 F.2d at 256; *INS v. Wang*, 450 U.S. at 143, 101 S.Ct. 1027.

Although Gjokaj argues that the BIA erred by concluding that she failed to establish that her failure to appear was due to exceptional circumstances, we decline to address that issue because the BIA did not reach the merits of that question, and it is, therefore, not before this Court on appeal. Although the First and Ninth Circuits have held that it is an abuse of discretion for an IJ to treat a late appearance as a failure to appear in certain circumstances, those cases are distinguishable because the aliens in those cases followed the proper statutory procedure for a motion to reopen. *See Herbert v. Ashcroft*, 325 F.3d 68, 72 (1st Cir.2003); *Jerezano v. INS*, 169 F.3d 613, 615 (9th Cir.1999).[3] In this case, by contrast, it is undisputed that Gjokaj did not comply with the evidentiary requirements for a motion to reopen. As a result, the BIA was compelled to affirm the IJ's denial of Gjokaj's motion to reopen.

While we sympathize with the sentiments expressed in those decisions, the decision of the BIA in this case was not based on an affirmance of the IJ's conclusion that there were no exceptional circumstances. Rather, it was based on Gjokaj's failure to comply with the evidentiary requirements of 8 U.S.C. § 1229a(c)(6)(B) and 8 C.F.R. § 3.2(c)(1). Because the BIA's decision was supported by a rational explanation, did not depart from established INS policies, or rest on an impermissible basis such as invidious discrimination against a particular race or group, the BIA's decision cannot be said to have been

an abuse of discretion. *Denko*, 351 F.3d at 723.

## CONCLUSION

For the reasons set forth above, we AFFIRM the BIA's decision denying Gjokaj's motion to reconsider.

**3.** In *Herbert*, the petitioner supported his motion to reopen with affidavits from himself, his attorney, fiancé, mother and grandmother. Thus, unlike the situation here where the motion to reopen was unsupported by affidavit or other evidence, the petitioner in *Herbert* complied with the evidentiary requirement upheld by this Court in *Luna–Benalcazar*, 414 F.2d at 256. While it cannot be definitively gleaned from the opinion itself if the petitioner in *Jerezano* submitted any affidavits or other evidentiary materials in support of his motions to reopen, given the lack of any discussion by either the BIA or Ninth Circuit regarding the lack of such evidence, the Court believes that Jerezano's motions complied with the evidentiary requirements of 8 U.S.C. § 1229a(c)(6)(B) and 8 C.F.R. § 3.2(c)(1).