**UNITED STATES ex rel. MUSTAFA v. PEDERSON.**

No. 10829.

United States Court of Appeals
Seventh Circuit.

Sept. 21, 1953.

Rehearing Denied Oct. 7, 1953.

Helen B. Jerry, Chicago, Ill., for appellant.

James E. Keating, Asst. U. S. Atty., South Bend, Ind., Joseph H. Lesh, U. S. Atty., Fort Wayne, Ind., Joseph Sureck, U. S. Immigration & Naturalization Service, Detroit, Mich., for appellees.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

PER CURIAM.

■ Relator, detained under a warrant of deportation, filed a petition for a writ of habeas corpus in the district court. He claims that the Attorney General, acting through the hearing officer of Immigration and Naturalization, abused his discretion in not permitting relator to voluntarily depart this country in lieu of deportation. Relator's second claim is that he was denied due process because he was not represented by counsel at the hearing before the hearing officer.

Relator's contention as to abuse of discretion is overruled on the basis of our decision in United States ex rel. Ciannamea v. Neelly, 7 Cir., 202 F.2d 289.

■ Relator, a native of Palestine, was admitted to the United States on a visitor's visa for six months for agricultural purposes, the period for which he could remain expiring January 8, 1951. He remained in this country without authority after that date, and was arrested on October 3, 1951. Immediately he employed counsel but the latter withdrew prior to the deportation hearing. The record of the hearing discloses that relator was advised that he was entitled to have counsel represent him, that he could present evidence and cross-examine witnesses, but that he decided to proceed without counsel. He was also advised of his right to request voluntary departure. Shortly after the termination of the hearing petitioner again employed counsel, who argued his appeal before the Board of Immigration Appeals.

We hold that petitioner knowingly, understandingly, and voluntarily waived counsel, and that he was accorded a full and fair hearing, and was not denied due process of law.

Order dismissing petition for habeas corpus affirmed.