Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

On this application of the National Labor Relations Board for a decree en-forcing its order against Threads, Incorporated, it was represented to us by the attorney for that company that certain provisions in the Board's order had already been complied with, and that compliance with the remaining provisions will be had upon the determination by the Board of the wages due certain employes. We need not consider to what extent there has been compliance for, in the nature of the matter, enforcement of the Board's order will be effective only to the extent that compliance has not been completed. We perceive in this no reason for modifying the proposed decree, which is in the usual form, especially as the Examiner's recommended order, which was adopted by the Board, was not excepted to by Threads, Incorporated.

Enforced.

Mike GIAIMO, Plaintiff-Appellant,

v.

Thomas M. PEDERSON et al.,
Defendants-Appellees.

No. 14357.

United States Court of Appeals
Sixth Circuit.

April 28, 1961.

James J. Carroll, Cleveland, Ohio (James J. McNamara, Cleveland, Ohio, on the brief), for appellant.

Geo. W. Morrison, Asst. U. S. Atty., Cleveland, Ohio (Russell E. Ake, U. S. Atty., on the brief), for appellees.

Before MILLER, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Chief Judge.

Appellant sought by this action to enjoin the enforcement of a deportation order entered on December 17, 1958, in deportation proceedings against him.

The hearing before a Special Inquiry Officer in the deportation proceedings developed without contradiction the facts that appellant, 56 years old and married, was an alien, a native of Italy, who last entered the United States at Philadelphia, Pennsylvania, on May 11, 1910, that he was convicted on July 22, 1957, in the Court of Common Pleas, Cleveland, Ohio, of the crime of receiving stolen property, and was also convicted on July 8, 1958, in the Court of Common Pleas, Cleveland, Ohio, of the crime of larceny.

Section 241(a) (4) of the Immigration and Nationality Act, Section 1251(a) (4), Title 8 U.S.C.A., provides in substance for the deportation of an alien, who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct. The deportation order was issued on the basis of the above facts and the said statutory provisions. An appeal to the Board of Immigration Appeals was dismissed by the Board.

The present action is based upon the contention, not heretofore raised in the foregoing deportation proceedings, that the proceedings and order are invalid because appellant was not represented by counsel in the hearing before the Special Inquiry Officer. Reliance is placed upon Section 242(b) (2) of the Act, Section 1252(b) (2), Title 8 U.S.C.A., which provides that in such proceedings "the alien shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose."

■ ■ We agree that appellant had the privilege of being represented by counsel and that the hearing before the Special Inquiry Officer was held without being so represented. But the right to counsel may be waived and if waived by the alien, a hearing in the absence of counsel is not invalid. United States ex rel. Medich v. Burmaster, 8 Cir., 24 F.2d 57, 59; United States ex rel. Mustafa v. Pederson, 7 Cir., 207 F.2d 112; Bisaillon v. Hogan, 9 Cir., 257 F.2d 435, 436–437, certiorari denied 358 U.S. 872, 79 S.Ct. 112, 3 L.Ed.2d 104; Hee Chan v. Pilliod, D.C.Ill., 178 F.Supp. 793, 797–798.

In the present case appellant was advised at a preliminary hearing on November 24, 1958, of his right to have counsel and the hearing was continued from November 24, 1958, to December 17, 1958, in order for him to obtain counsel. Some attempt was made by appellant to consult with an attorney, but a meeting at the penitentiary between the appellant, who was in custody, and the

attorney selected did not materialize because the appellant had been moved from the penitentiary to another place of confinement just prior to the attorney's visit there. The record does not show just what, if anything, the appellant did to consult with the attorney after this initial meeting failed to materialize. At the hearing on December 17, 1958, the Special Inquiry Officer stated to appellant that the earlier hearing had been adjourned to permit him an opportunity to obtain an attorney and then asked him, "Have you an attorney?" Appellant answered, "My attorney was here the day I left for Junction City. I don't know whether he is going to show up or not so you can go ahead with the proceeding without him." He was advised of his right to examine any evidence introduced by the Government, to cross-examine the witnesses, and to submit any evidence in his own defense. He was asked, "Do you understand?", to which he answered, "Yes, sir."

No objection was made by appellant to proceeding without representation by counsel. His appeal to the Board of Immigration Appeals was filed on his behalf by the attorney whom he had previously contacted, and who, presumably, represented him in the appeal before the Board. No question was raised in the appeal about appellant's failure to have counsel in the hearing before the Special Inquiry Officer. The attorney who handled the appeal to the Board of Immigration Appeals did not testify in the hearing before the District Judge.

The District Judge found that appellant's waiver of his right to counsel at the hearing on December 17, 1958, was clearly demonstrated. We are of the opinion that this finding of the District Judge is not only fully supported by the evidence, but is one in which we concur, and that the prayer for injunctive relief was properly denied. Bisaillon v. Hogan, 9 Cir., 257 F.2d 435, 436–437, certiorari denied 358 U.S. 872, 79 S.Ct. 112, 3 L.Ed.2d 104, supra; Dengeleski ex rel. Saccardio v. Tillinghast, 1 Cir., 65 F.2d 440, 442.

We agree with the District Judge that this case has a strong sympathetic appeal and that the deportation of appellant will be a severe hardship on him and his family, but that under the undisputed facts and controlling statutes, the Court is without power to stay the execution of the order of deportation. Low Wah Suey v. Backus, 225 U.S. 460, 476, 32 S.Ct. 734, 56 L.Ed. 1165.

The judgment is affirmed.