Pedro **VELASQUEZ ESPINOSA**,
Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 22149.

United States Court of Appeals
Ninth Circuit.

Dec. 2, 1968.

David C. Marcus, Los Angeles, Cal., for appellant.

Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., Joseph Sureck, Regional Director, I.N.S., San Pedro, Cal., Stephen M. Suffin, I.N.S., San Francisco, Cal., Ramsey Clark, Atty. Gen. of the U. S., Washington, D. C., for appellee.

Before CHAMBERS, BARNES and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

This is a petition to review the Board of Immigration Appeals' denial of petioner's Motion to Reopen and Reconsider his deportation case. The question before us is limited to whether the Board of Immigration Appeals (hereafter the Board) abused its discretion in denying the motion.

Petitioner is an alien, a native and citizen of Mexico. He entered the United States as an immigrant on October 5, 1922, and then on September 13, 1944, departed to Mexico in order to evade training or service in the Armed Forces of the United States. On May 12, 1960, petitioner executed an application for an immigrant visa, wherein he knowingly and falsely stated that he had never departed from or remained outside the United States to evade military service in time of war or national emergency. As a result of that application petitioner was issued an immigrant visa and admitted into the United States on September 6, 1960.

On October 2, 1963, following an Order to Show Cause, Notice and Hearing, petitioner was ordered deported from the United States pursuant to Section 241 (a) (1) of the Immigration and Nationality Act, as amended (hereafter the Act), 66 Stat. 163 (1952), 8 U.S.C. § 1251(a) (1), in that he was an excludable alien at the time of entry because (1)

he had departed from and remained outside the United States in order to evade the draft, Section 212(a) (22) of the Act, 8 U.S.C. § 1182(a) (22), and (2) he had procured his visa by fraud, Section 212(a) (19) of the Act, 8 U.S.C. § 1182(a) (19).

Petitioner appeared at the hearing, waived his right to counsel and testified in English. Petitioner admitted the allegations of fact contained in the charge and admitted his deportability; evidence to sustain the charges was also offered by the government, notwithstanding petitioner's admissions. Petitioner did not appeal the decision to the Board although he was advised of his right to do so.

On January 3, 1964, petitioner, through an attorney, filed a Motion to Reopen his deportation hearing claiming that a private bill in his behalf might be favorably considered by Congress if he were free from the taint of fraud. However, he offered no new evidence. On February 5, 1964, the Special Inquiry Officer denied petitioner's Motion. Petitioner then appealed to the Board, and on May 21, 1964, the Board ordered that the appeal be dismissed.

Three years later on July 22, 1967, there was a Substitution of Attorneys filed with respondent and on July 24, 1967, a new Motion to Reopen and Reconsider was filed on behalf of petitioner. On August 17, 1967, the Board denied this Motion and petitioner now seeks review by this Court.

The deportation order of October 2, 1963, became final on October 13, 1963, when petitioner failed to file an appeal to the Board. Since the Petition for Review was not filed within six months of that final order, we have no jurisdiction to review the order of deportation. Section 106(a) (1) of the Act, 8 U.S.C. § 1105a(a) (1); Bregman v. I. N. S., 351 F.2d 401, 402–403 (9 Cir. 1965).

The only order of the Board which is subject to review under the time limitations of the Act is the Order of the Board dated August 17, 1967, denying

petitioner's Motion to Reopen and Reconsider. Such review is limited to a determination of whether the denial of that Motion was an abuse of discretion. Greene v. I. N. S., 313 F.2d 148 (9 Cir.), cert. denied, 374 U.S. 828, 83 S.Ct. 1869, 10 L.Ed.2d 1052 (1963).

First, petitioner contends that the Board erred in finding that he had a fair hearing in that he was not represented by counsel and that the government attorney was guilty of misconduct. Section 242(b) (2) of the Act, 8 U.S.C. § 1252(b) (2), provides that an alien shall have the privilege of being represented by counsel of his choice at no expense to the government. This privilege may be waived in a deportation proceeding, and once there has been a waiver, a hearing without counsel is not invalid. Bisaillon v. Hogan, 257 F.2d 435 (9 Cir.), cert. denied, 358 U.S. 872, 79 S.Ct. 112, 3 L.Ed.2d 104 (1958). The record discloses that petitioner understood the nature of the proceedings against him and made a knowing, intelligent and voluntary waiver of counsel. Petitioner was not indigent. He has twice employed attorneys in this case. Nor does the record support petitioner's claim of misconduct by the government attorney. The Board did not err in finding that petitioner had a fair hearing.

Second, petitioner contends that the finding of his deportability was not established by clear, convincing and unequivocal evidence as required by Woodby v. I. N. S., 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966), decided after the order of October 2, 1963. There is no merit in this contention. Petitioner's own admissions and the evidence introduced by the government fully establish petitioner's deportability under the *Woodby* standard.

Third, petitioner contends that the Board erred in finding that he was not exempt from deportation under Section 241(f) of the Act, 8 U.S.C. § 1251(f). That section provides an exemption for aliens with lawful families in the United States who secured their visas by fraud but were "otherwise admissible." Petitioner claims relief under this section as the spouse and parent of permanent resident aliens.

Although Section 241(f) of the Act, 8 U.S.C. § 1251(f) would excuse petitioner's fraud in procuring his admission, he must be "otherwise admissible" under Section 241(f). Congress has provided that aliens shall be denied admission to the United States for draft evasion, Section 212(a) (22) of the Act, 8 U.S.C. § 1182(a) (22). Petitioner was therefore not "otherwise admissible."

As stated by the Board of Appeals, draft evasion as a ground of deportation "is based on the fact that the person is considered undesirable as a resident by the Congress." Congress has ameliorated the problem of fraud in procuring a visa by Section 241(f) of the Act, 8 U.S.C. § 1251(f). It has not done so as to draft evasion.

I. N. S. v. Errico and the companion case Scott v. I. N. S., 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966) both involved cases where the alien did not come within the quota provisions and had made fraudulent representations. The case must be limited to such a factual situation.

Moreover, to hold that *Errico* saved petitioner in this case would have the result of allowing an alien to avoid almost any substantive ground for exclusion under Section 212(a) of the Act, 8 U.S.C. § 1182(a), by merely making false representations about it in his visa application and then claiming relief under Section 241(f). That section cannot be held to have such a broad sweep.

The Board did not err in finding that petitioner was not eligible for relief under Section 241(f) of the Act, 8 U.S.C. § 1251(f).

We therefore hold that the Board's denial of petitioner's motion was not an abuse of discretion. The Petition for Review is denied.