MATTER OF PEIGNAND

In Deportation Proceedings

A-11862196

*Decided by Board May 1, 1970*

Since respondent, who was born out of wedlock on January 29, 1936, was never legitimated, he did not, through the naturalization of his mother in December 1943, acquire U.S. citizenship under the Nationality Act of 1940, neither did he derive citizenship under section 321(a) of the Immigration and Nationality Act since he was over 16 years of age on December 24, 1952, the effective date of the Act.*

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of any law or regulation relating to the illicit traffic in narcotic drugs, to wit, heroin.

ON BEHALF OF RESPONDENT:
Antonio C. Martinez, Esquire
77 Seventh Avenue
New York, New York 10011
(Brief filed)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The respondent appeals the decision of the special inquiry officer who denied his motion to reopen the proceedings to give further consideration to the question of his deportability. We will dismiss the appeal.

At the deportation hearing on September 25, 1964, the special inquiry officer found that the respondent was deportable as charged and ordered that he be deported to his native country, the Dominican Republic. He also found that respondent was not eligible for any type of discretionary relief. The appeal alleges that the respondent was not accorded due process of law at the hearing because he was not represented by counsel and also that the respondent is a United States citizen and thus is not subject to deportation.

---

* Reaffirmed. See 440 F.2d 757 (1971).

The respondent is a 34-year-old unmarried male, born in the Dominican Republic on January 29, 1936, who at last arrived at San Juan, Puerto Rico on July 30, 1963, at which time he was admitted as a visitor for pleasure. On March 6, 1964, he was convicted in the Superior Court of Puerto Rico, San Juan Division, of possession of heroin and was sentenced to serve a term of five to nine years in prison.

The record is quite clear that at the time of the original deportation hearing, the respondent was duly advised of his right to counsel and that he intelligently and knowingly waived the right. It is settled law that in a deportation hearing the respondent has the absolute right to waive counsel [1] and if the hearing is eminently fair in all respects, respondent's constitutional rights are not violated by the absence of counsel, since a deportation hearing is a civil and not a criminal matter.[2] A respondent has not been denied counsel when he waives his privilege to be represented.[3] In the instant case the respondent received a fair hearing in accordance with the law and there was no denial of due process of law.[4]

The respondent's claim that he is a United States citizen is without foundation. He was born on January 29, 1936 and was an illegitimate child. He was never legitimated. His mother came to the United States and was naturalized on December 2, 1943. Under the Nationality Act of 1940, which was in effect when the mother was naturalized, a child born out of wedlock and never legitimated could not derive United States citizenship from the naturalization of either his father or his mother.[5] Moreover, he did not derive citizenship under the Immigration and Nationality Act of 1952, which became effective on December 24, 1952. Section 321(a) of the Act, which expanded the 1940 Act, provides that an illegitimate child will derive citizenship when the mother is naturalized provided the child is under age 16 at the time of naturalization, which was the case here. However, it has been

[1] *Murgia-Melendrez v. INS*, 407 F.2d 207 (9 Cir., 1969); *Millan-Garcia v. INS*, 343 F.2d 825, 828 (9 Cir., 1965), reversed on other grounds 382 U.S. 69 (1965).

[2] *Woodby v. INS*, 385 U.S. 276 (1966); *Harisiades v. Shaughnessy*, 342 U.S. 580 (1952); *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149 (1923); *Diric v. INS*, 400 F.2d 658 (9 Cir., 1968); *Murgia-Melendrez v. INS, supra; Espinosa v. INS*, 404 F.2d 544 (9 Cir., 1968).

[3] *Burr v. INS*, 350 F.2d 87 (9 Cir., 1965). See also *U.S. ex rel. Mustafa v. Pederson*, 207 F.2d 112 (7 Cir., 1953).

[4] *Hee Chan v. Pilliod*, 178 F. Supp. 793 (U.S.D.C., N.D. Illinois 1959).

[5] *Espindola v. Barber*, 152 F. Supp. 829 (U.S.D.C., N.D. Calif., 1957).

specifically held that this provision of the 1952 Act is not retroactive, and if the child is over 16 years of age on the effective date of the Act, he has no claim to citizenship by derivation.[6] Respondent was almost 17 years old on December 24, 1952.

The respondent is not entitled to the privilege of voluntary departure because section 244(e) specifically prohibits this discretionary relief to anyone who has been convicted of a narcotics violation. Further, the discretionary relief of suspension of deportation under section 244(a)(2) is precluded by the fact that the person seeking such relief must have resided in the United States for at least 10 years after the offense was committed. Respondent cannot meet this requirement.

Accordingly, the appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[6] *Espindola v. Barber, supra; Matter of L——,* 8 I. & N. Dec. 272 (BIA, 1959).