**Praphat PHATANAKITJUMROON,
Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Appellee.**

**No. 76–2939.**

United States Court of Appeals,
Ninth Circuit.

June 19, 1978.

Rafael E. Vivero, Los Angeles, Cal., for appellant.

J. Mark Waxman, Los Angeles, Cal., for appellee.

On Petition to Review a Decision of the U. S. Immigration and Naturalization Service.

Before GOODWIN, WALLACE and HUG, Circuit Judges.

GOODWIN, Circuit Judge.

Praphat Phatanakitjumroon seeks review of a decision of the Board of Immigration Appeals which affirmed the immigration judge's denial of his motions to stay his deportation and to reopen his deportation proceedings. Phatanakitjumroon contends that the denial of his motions was an abuse of discretion.

Phatanakitjumroon, a citizen of Thailand, entered the United States in February of 1973 under a nonimmigrant student visa. In 1975, his application for an extension of time to remain in the United States was denied because he had violated his nonimmigrant status by accepting unauthorized employment. A deportation hearing was held on December 8, 1975, and an immigration judge found Phatanakitjumroon deportable under section 241(a)(9) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(9). The immigration judge granted him the privilege of voluntary departure with an alternate order of deportation if he failed to depart on or before March 27, 1976.

Phatanakitjumroon claims that he married an American citizen on January 30, 1976. According to Phatanakitjumroon, his new wife filed a petition to classify him as an immediate relative on February 23, 1976, so that he could obtain an immigrant visa. At the same time, Phatanakitjumroon filed an application for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a). On March 10, 1976, he filed his motions to reopen his deportation proceedings and to stay his deportation order in order to allow adjudication of his application for adjustment of status.

The immigration judge denied Phatanakitjumroon's motions on the ground that he was not eligible for adjustment of status under section 245 of the Act. 8 U.S.C. § 1255. Section 245 gives the Attorney General discretion to adjust the status of an alien if 1) the alien makes an application for such adjustment, 2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and 3) an immigrant visa is immediately available to him at the time his application is approved. According to federal regulations, the "immediately available" visa requirement is not satisfied unless the applicant is the beneficiary of a valid visa petition filed by a United States citizen in accordance with section 204 of the Act and *approved by the INS.* 8 C.F.R. § 245.1(d). At the time the petitioner filed his motions to stay his deportation order and reopen his deportation proceedings, his wife's visa petition had not yet been approved.

The petitioner claims that the immigration judge abused his discretion in denying the motion to reopen the deportation proceedings on this ground. He contends that the INS unreasonably delayed the approval of his wife's visa petition and then used this lack of government approval to support its denial of his motion, thereby unfairly subjecting him to the hardship of deportation.

■ Phatanakitjumroon's wife's visa petition was filed only 33 days before his voluntary departure date. The failure of the government to approve or disapprove the visa petition within this period of time was not unreasonable. However, a question remains whether the immigration judge abused his discretion in denying the motion to reopen the deportation proceedings.

The federal regulations provide that deportation proceedings may be reopened "for proper cause". 8 C.F.R. § 103.5. The regulations suggest that motions to reopen may be granted only where the alien offers evidence that was not available or ascertainable at the time of the deportation hearing to show that he is eligible for an adjustment of status. 8 C.F.R. § 242.22.

■ An immigration official may, but need not, deny a motion to reopen deportation proceedings if the official finds that the alien is ineligible for an adjustment of status. *See, e. g., Espinosa v. Immigration and Naturalization service,* 404 F.2d 544 (9th Cir. 1968). However, the petitioner asserts that the finding of ineligibility here is based solely on a procedural requirement outside the control of the alien. The alien's technical ineligibility, he asserts, should not be held to bar the reopening of the deportation proceedings.

■ In this case, the petitioner produced evidence to show that he had married a United States citizen after his deportation hearing and that he had filed all the necessary forms and documents to obtain an adjustment of status. The government did not question the validity of his marriage. However, it remains a fact that on the date of the alien's application for adjustment of

status he was not eligible for an adjustment of status as a matter of right because his wife's visa petition had not yet been approved. While this court, on the same facts, might view the equities differently than did the Immigration officials, we cannot say as a matter of law that they abused their discretion in denying his motion to reopen.

Affirmed.

WALLACE, Circuit Judge, concurring specially:

I concur in the result reached in the majority's opinion and agree with most of its analysis. But I do not concur in the statement that "[a]n immigration official may, but need not, deny a motion to reopen deportation proceedings if the official finds that the alien is ineligible for an adjustment of status."

We need not decide that potentially difficult question until an immigration judge's decision to *grant* an ineligible alien's motion to reopen on adjustment of status grounds is resisted by the government on appeal. That was not the case in *Espinosa v. Immigration and Naturalization Service,* 404 F.2d 544 (9th Cir. 1968). Thus, *Espinosa* cannot provide persuasive authority for the dictum. I would reserve comment on this issue until it is properly before us.