66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brigida ALDANA-MURILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-3432.
 United States Court of Appeals, Sixth Circuit.
 Sept. 11, 1995.
 
 Before: JONES, and SILER, Circuit Judges, and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Brigida Aldana-Murillo ("Aldana") seeks review of a final order of deportation finding that she had abandoned her claim for asylum and withholding of deportation by her failure to file a timely application. We hold that the Board of Immigration Appeals ("BIA") abused its discretion in reviewing Aldana's appeal, and that the immigration judge abused his discretion in failing to ask whether Aldana was waiving her right to counsel, before going forward with the hearing. Consequently, we reverse and remand this case to the BIA, and instruct the BIA to remand the case to the immigration court so that Aldana may be afforded her statutory right to counsel in a full hearing on her request for political asylum.
 
 I.
 
 2
 Aldana is a 35-year-old citizen of Nicaragua. She entered the United States on February 17, 1988, with a visitor's visa that was later extended through November 30, 1988.
 
 
 3
 According to Aldana, on December 6, 1988, she filed an application for asylum (Form I-589) with the District Director for Detroit, Michigan, which allegedly exists in her permanent INS file.[1] On January 25, 1990, the INS served Aldana-Murillo with an order to show why she should not be deported for being an alien, who had been admitted as a nonimmigrant, but had failed to maintain nonimmigrant status. On February 22, 1990, the INS sent Aldana notice that her "Master Calendar" hearing had been scheduled and that she was to file at the hearing all applications and motions for relief from deportation.
 
 
 4
 On March 21, 1990, a telephonic hearing took place with Aldana and her counsel, Susan Sinclair-Smith, in Detroit, and the immigration judge in Chicago. Aldana conceded deportability in the hearing, but asked permission to file a claim for asylum. The immigration judge informed Aldana and counsel that the application should be submitted by April 21, 1990.
 
 
 5
 On April 20, 1990, Aldana's counsel, now Richard Kessler, informed the immigration judge by letter that he was awaiting more information regarding the political situation in Nicaragua and that he would forward the information as soon as he received it, and he requested an extension of time to file the application for asylum. On May 2, 1990, the immigration judge granted the request, but also informed counsel that the application was due by May 21, 1990, and that no further extensions would be granted. Neither Aldana nor her counsel filed an asylum application by May 21, 1990.
 
 
 6
 On June 26, 1990, another telephonic hearing was held with Aldana and the INS attorney in Detroit, and the immigration judge and court interpreter in Chicago. Aldana's counsel, Kessler, was not present at the hearing. Instead, Aldana presented a letter from Kessler to the INS trial attorney, which stated that he could not attend the scheduled hearing because of another trial, but which also requested that his client be extended "all services required" and that his office be contacted if there were any problems. At this hearing, the immigration judge determined that Aldana's and her counsel's failure to file an asylum application by May 21, 1990, constituted an abandonment of her claim of asylum, and the judge gave Aldana 30 days to voluntarily depart with an alternate order of deportation thereafter.
 
 
 7
 On January 27, 1994, the BIA upheld this decision. Aldana has now appealed to this court.
 
 II.
 
 8
 This court reviews decisions of the BIA for an abuse of discretion. Gonzalez v. INS, 996 F.2d 804, 808 (6th Cir.1993). As such, this court's inquiry is " 'confined to whether [the case's] situation and circumstances clearly show an abuse of discretion, that is, arbitrary action not justifiable in view of such situation and circumstances.' " Id. (quoting Balani v. INS, 669 F.2d 1157, 1161 (6th Cir.1982), (quoting NLRB v. Guernsey-Muskingum Elec. Co-op, Inc., 285 F.2d 8, 11 (6th Cir.1960))). "The BIA's decision will be upheld unless it is arbitrary or capricious." Id.[2]
 
 
 9
 The BIA dismissed Aldana's appeal on the grounds that she had failed to reasonably explain why she had not timely filed her asylum application. In reaching this conclusion, however, the BIA did not address Aldana's argument that the Immigration Judge had abused his discretion in denying Aldana her due process rights to a full and fair hearing. The BIA also failed to consider that Aldana was not represented at her severely abbreviated hearing.[3] Our review of the hearing transcript further indicates that during the hearing the Immigration Judge neither asked Aldana why the asylum application had not been filed, nor asked her whether she wished to have counsel present.
 
 
 10
 It is clearly established that Congress has legislated a right to counsel in deportation proceedings in sections 242(b) and 292 of the Immigration and Naturalization Act, 8 U.S.C. Secs. 1252(b) & 1362.[4] See Giaimo v. Pederson, 289 F.2d 483, 484 (6th Cir.1961); Castro-Nuno v. INS, 577 F.2d 577, 578 (9th Cir.1978). The Ninth Circuit has held that this statutory right to counsel was violated when the immigration judge did not allow a continuance of the hearing to enable the alien to locate his retained counsel. Castro-Nuno v. INS, 577 F.2d at 578-79. Specifically, in reversing the immigration judge's order of deportation, the Ninth Circuit stated the following:
 
 
 11
 At the hearing on July 15th, Castro-Nuno appeared without his counsel and although the immigration judge conceded that the failure of counsel to appear was not the fault of Castro-Nuno, the judge made no attempt to ensure that the right to representation was preserved. The immigration judge neither reminded Castro-Nuno of his right to representation, nor inquired whether he wished a continuance to locate his counsel even though Castro-Nuno indicated that he had not dismissed his counsel. The failure of counsel to appear could not be interpreted as a delaying tactic. The two continuances previously granted were requested by the Government, and there was no indication of bad faith on the part of Castro-Nuno at this third hearing.
 
 
 12
 Moreover, Castro-Nuno's counsel had shown his willingness to cooperate by being present at both prior hearings. The record indicates that Castro-Nuno relied heavily on his counsel and was not prepared to represent himself; in fact, he neither questioned the two INS witnesses nor presented any evidence on his own behalf.
 
 
 13
 * * *
 
 
 14
 We hold that, under the circumstances of this case, the immigration judge's actions amounted to an abuse of discretion. It is clear from the record that Castro-Nuno did not waive his statutory right to representation. In the absence of such waiver, the immigration judge should have acted sua sponte to continue the hearing and give Castro-Nuno a chance to locate his counsel. Without a continuance to bring his counsel into the hearing, Castro-Nuno was effectively denied his statutory right of representation.
 
 
 15
 Id. (footnotes omitted) (emphasis added).
 
 
 16
 An alien may waive his right to representation at his deportation hearing, and the ensuing hearing will be valid. Velasquez Espinosa v. INS, 404 F.2d 544, 546 (9th Cir.1968); Giaimo, 289 F.2d at 484. An acknowledgement by petitioner that counsel is not present, without more, does not constitute waiver. See Reyes-Palacios v. INS, 836 F.2d 1154, 1155-56 (9th Cir.1988).
 
 
 17
 We find the Ninth Circuit's reasoning in Castro-Nuno to be both persuasive and applicable to the instant case. We hold that the immigration judge's failure to ensure that Aldana's right to representation was preserved or to at least obtain a valid waiver of that right resulted in the violation of Aldana's statutory right to counsel. We remand this case to correct this abuse of discretion. See Castro-O'Ryan v. INS, 847 F.2d 1307, 1312 (9th Cir.1987) ("Failure to accord an alien this right [to counsel] may, in the light of the entire administrative record, be an abuse of discretion, requiring remand.").
 
 III.
 
 18
 For the foregoing reasons, we reverse the decision of the BIA, and remand this matter to the BIA with instructions that it further remand this proceeding to the immigration court so that Aldana can move for reopening of the deportation proceeding that was held without inquiry into her counsel's absence.
 
 
 19
 The immigration court's order of deportation against Aldana shall be stayed for sixty days to allow Aldana to file a motion to reopen her case before the immigration court. If such a motion to reopen is filed within that period, the order shall be stayed for such further time as is necessary for the disposition of that motion.
 
 
 20
 In light of this determination, we find it unnecessary to reach the other issues that Aldana raised in her appeal to this court.
 
 
 21
 SILER, Circuit Judge, dissenting.
 
 
 22
 Although the majority opinion is correct that this court can consider an issue not passed upon below, it should be an extraordinary situation, which is not present here. Aldana did not argue to the BIA that the Immigration Judge (IJ) had abused his discretion in denying her due process rights at the hearing, nor did she raise the issue of the failure of the IJ to inquire about her lack of counsel. The failure of an alien to exhaust administrative remedies may preclude consideration of the issue before this court. See Juarez v. INS, 732 F.2d 58, 59 (6th Cir.1984). This exhaustion requirement includes raising the issues before the BIA. Vargas v. United States Dep't of Immigration and Naturalization, 831 F.2d 906, 907 (9th Cir.1987). Due process claims may be exempt from that rule, because the BIA cannot adjudicate constitutional issues. Id. at 908. Nevertheless,
 
 
 23
 [A] petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process. "Due process" is not a talismanic term which guarantees review in this court of procedural errors correctable by the administrative tribunal.
 
 
 24
 Id. (quoting Reid v. Engen, 765 F.2d 1457, 1461 (9th Cir.1985)).
 
 
 25
 In this case, inasmuch as the alleged errors concerned procedure, this court should not consider those issues that the alien did not raise before the BIA. However, even if we were to reach the issue, I would find no abuse of discretion by the BIA under the circumstances of this case. Aldana was given ample time within which she could file an application for asylum, but she never filed one, even after being notified by the IJ. At a hearing on March 21, 1990, she indicated a desire to request asylum. Therefore, the IJ gave her a month, until April 21, to file her application for asylum. On motion by her counsel, that deadline was later extended until May 21, so she had at least 60 days within which to file her application. Even by the time of the telephonic hearing on June 26, 1990, more than 90 days later, no application had been filed, nor had any excuse been given why one had not been tendered.
 
 
 26
 Moreover, before the telephonic hearing on June 26, counsel had sent word to the IJ that he could not attend. However, no request was made to continue or postpone the hearing or to allow counsel to participate by telephone during a recess in trial, wherever he was.
 
 
 27
 This situation is not like that in Castro-Nuno v. INS, 577 F.2d 577 (9th Cir.1978), relied upon by the majority opinion. In Castro, the hearing was postponed twice to allow for the appearance of an INS officer. On the two prior hearing days, the alien and counsel had been present. When the third hearing was held, the alien appeared, but his counsel was absent without any explanation. The alien did not know where counsel was and asked to talk to his lawyer. In spite of that, the IJ proceeded to allow the presentation of evidence in the case and found Castro-Nuno to be deportable. The IJ abused his discretion by proceeding in the absence of counsel when there was no explanation of counsel's whereabouts and the alien asked to consult with him.
 
 
 28
 In this case, the IJ and Aldana knew where counsel was. Aldana did not ask to consult with counsel or to postpone the hearing. Additionally, no evidence was taken at the hearing. Since the time of that hearing, Aldana has not indicated what she could have done with counsel present. Aldana had already conceded deportability in a previous hearing with counsel present. Maybe at the time of the June hearing, counsel would have explained why he had not filed the application for asylum, but even at this late date, there is no indication that counsel was sick or incapacitated to prevent his timely filing of the petition. As Aldana cannot show that the absence of counsel was prejudicial, because the record is devoid of what counsel would have done, she is not entitled to relief. See Castro-O'Ryan v. United States Dep't of Immigration and Naturalization, 847 F.2d 1307, 1313 (9th Cir.1988).
 
 
 29
 It may be that Aldana has a claim for ineffective assistance of counsel because her lawyer failed to file the petition for asylum in a timely manner and failed to appear or otherwise participate in the telephonic hearing in June. However, she has never suggested that she wanted to file a motion to reopen before the BIA, a remedy which might still be available to her. She had more than a year between January 27, 1994, when the BIA upheld the IJ's decision, and March 27, 1995, when this case was argued before our court, to move to reopen. See Arango-Aradondo v. INS, 13 F.3d 610, 614-15 (2d Cir.1994). If she is not interested in reopening her case on the issue of ineffective assistance of counsel, I see no reason for this court to do anything other than affirm the decision of the BIA. Regrettably, this case is an example of how a petitioner with dilatory tactics can postpone an inevitable deportation, as Aldana's original visa was to expire on November 30, 1988.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 This alleged application was not made part of the record examined by the Board of Immigration Appeals, nor has it been made a part of the record before this court. Consequently, the evidence before this court does not verify that this prior application ever existed
 
 
 [2]
 We note at this juncture that INS argues to this court that the majority of issues Aldana raises on this appeal, including the issues of whether Aldana was denied her statutory right to counsel and whether this in turn deprived her of her constitutional due process right to a full and fair hearing, are not reviewable by this court because they were not presented to the BIA. See Respondent Br. at 24-27. This court, however, always has the discretion to consider an issue not passed upon below, especially where " 'injustice might otherwise result.' " Singleton v. Wulff, 428 U.S. 106, 121 (1976) (quoting Hormel v. Helvering, 312 U.S. 552, 557 (1941)). We find it appropriate to consider the issues Aldana raises in this case
 
 
 [3]
 This fact was presented to the BIA in Aldana's Brief in Support of Appeal for Deportation Order of June 26, 1990. See J.A. at 8
 
 
 [4]
 Section 1362 states the following:
 In any exclusion or deportation proceedings before a special inquiry officer and in any appeal proceedings before the Attorney General from any such exclusion or deportation proceedings, the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose.
 8 U.S.C. Sec. 1362 (1988). Section 1252(b) makes a virtually identical statement. See 8 U.S.C. Sec. 1252(b)(2) (1988). Similarly, INS regulations provide that "[t]he respondent may be represented at the [deportation] hearing by an attorney or other representative qualified under part 292 of this chapter." 8 C.F.R. Sec. 242.10 (1994).