NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO RIVAS-HERNANDEZ, AKA Pedro Hernandez-Rivas, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No. 15-70966 <br> 17-70910 <br><br> Agency No. A091-999-435 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2018[**]
Pasadena, California

Before: RAWLINSON, MELLOY,[***] and HURWITZ, Circuit Judges.

Pedro Rivas-Hernandez, a native and citizen of Mexico, was ordered removed

in 2007. After he reentered, the removal order was reinstated and an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

judge ("IJ") denied his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") dismissed Rivas' appeal and subsequently denied an untimely motion to reopen the 2007 proceedings. We have jurisdiction over Rivas' petitions for review from those BIA decisions under 8 U.S.C. § 1252. We deny the petitions.

1.      Rivas waived any challenge to the BIA's withholding or CAT determinations by failing to address them in his opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011); Fed. R. App. P. 28(a)(8)(A).

2.      The IJ did not deny Rivas his right to retained counsel in the 2007 proceedings. She informed Rivas about his right to hire a lawyer and asked if he wanted time to find one. By answering "no," Rivas knowingly and intelligently waived the right. *See Velasquez Espinosa v. INS*, 404 F.2d 544, 546 (9th Cir. 1968).

3.      The IJ did not deny Rivas his right to appeal the 2007 removal order. This not a case in which the IJ merely confirmed that Rivas accepted her decision as final. *See In re Rodriguez-Diaz*, 22 I. & N. Dec. 1320, 1323 (B.I.A. 2000). Rivas received an appeal rights form with his Notice to Appear and was provided a form again when appearing before the IJ. The IJ also expressly told Rivas that he had a right to appeal but her decision would be final if he accepted it. Rivas then indicated that he accepted the decision. Under these circumstances, Rivas' waiver was considered and intelligent. *See United States v. Garza-Sanchez*, 217 F.3d 806, 808-

2

11 (9th Cir. 2000).

4.    The 2007 removal proceedings did not otherwise violate due process. Rivas admitted he was removable as a noncitizen who entered the country without inspection. *See* 8 C.F.R. § 1240.10(c). Rivas cites no authority for his argument that a group hearing violated due process. And, we lack jurisdiction to review the IJ's denial of voluntary departure. *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1141 (9th Cir. 2005).

**PETITIONS DENIED.**