

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2008

# Novas v. ICE

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2218

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Novas v. ICE" (2008). *2008 Decisions.* Paper 77.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/77

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2218
_____

JAVIER H. NOVAS;
JESSICA REYES

v.

IMMIGRATION & CUSTOMS ENFORCEMENT(ICE);
DEPARTMENT OF HOMELAND SECURITY


Javier H. Novas,

Appellant

_____

Appeal from the Order of the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 07-cv-00494)
District Judge: Honorable A. Richard Caputo

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
November 20, 2008

Before: FUENTES, HARDIMAN, and GARTH, Circuit Judges.

(Opinion Filed: December 18, 2008)

_____

OPINION OF THE COURT

_____


-1-

FUENTES, Circuit Judge:

Appellant Javier Novas appeals the District Court's dismissal of his motion seeking relief from an order of removal issued by Immigration and Customs Enforcement ("ICE"). The agency ordered Novas deported after it discovered he had illegally overstayed his permitted ninety-day visit to the United States under the Visa Waiver Pilot Program ("VWPP"). The sole question before us is whether the District Court correctly characterized Novas's motion as a challenge to a final order of removal and dismissed it for lack of jurisdiction. Because Novas's suit in fact constitutes a challenge to the final order of removal, and it should have been filed in a court of appeals under 8 U.S.C. § 1252(b)(2), we will affirm the District Court's finding that it lacked jurisdiction over Appellant's claim.

## I.

Because we write for the parties, we discuss only the facts relevant to our conclusion. Novas, an Argentinian native, first came to the United States with his parents in 1988, at the age of 4. The family left the country for two years and reentered in August 1999, when Novas was 14 or 15, under the VWPP.[1] That program facilitates tourism and business travel by allowing certain aliens to enter the country without visas for ninety days if they waive their right to contest an order of removal before an Immigration Judge or the

---

[1] Appellant does not provide a consistent account of his age at this juncture. However, whether Novas was 14 or 15 years old at the time of his entry under the VWPP is immaterial to our holding.

Board of Immigration Appeals, or through judicial review, except by means of an application for asylum.

Novas's family stayed beyond the time period allotted under the VWPP. In November 2005, Novas married Jessica Reyes, a United States citizen. She filed an Immediate Relative Petition (an I-130 petition) in January 2006, to establish a basis for Novas to become a legal permanent resident, but withdrew it in July 2006. (The parties dispute the reason for this withdrawal.)

On January 3, 2007, Novas was detained during a routine traffic stop. His immigration status was discovered, and he was taken into custody by ICE. On January 26, 2007, an ICE agent summarily ordered Novas removed from the United States, based on Novas's having remained in the country beyond the period authorized under the Visa Waiver Pilot Program. Around February 8, 2007, Reyes refiled her I-130 petition.[2]

Novas claims that neither he nor his counsel received a copy of the removal order until March 14, 2007, after Novas's attorney requested it. Upon receiving the removal order, the attorney (whom Novas had retained on March 13, 2007, to replace his previous counsel) addressed several motions to ICE's Philadelphia director seeking a stay of removal and a reopening of the case. The agency has not responded to those motions.

---

[2] The petition was approved on June 14, 2007, but according to Novas his subsequent application for adjustment of status to become a legal permanent resident was denied by U.S. Citizenship and Immigration Services ("USCIS") on August 29, 2008, due to the outstanding order of removal. USCIS also apparently revoked its initial approval of Reyes's I-130 petition based on concerns about the bona fide nature of the marriage.

On March 15, Novas's attorney also filed a motion entitled "Emergency Petition for Writ of Habeas Corpus to Stay Removal" in the District Court for the Middle District of Pennsylvania. A close reading of this document indicates that its sole purpose was to seek a stay of Novas's removal while Reyes's I-130 petition was being adjudicated.

The District Court initially granted the stay, but the government subsequently filed a motion asking the Court to reverse that holding on the grounds that Novas's motion was actually a petition for review of a final order of removal over which this court, not the District Court, had jurisdiction. In response, Novas asserted that he was challenging the government's deprivation of his due process rights under the VWPP and his detention by the ICE pending the outcome of the district court litigation. That brief stated that Novas was not contesting the order for his removal. The District Court lifted the stay on April 6, finding that it lacked jurisdiction over Novas's motion because it did constitute a challenge to a final order of removal rather than a habeas motion.

On April 18, Novas filed a petition for review with this court, along with a motion to stay removal. (No. 07-2167.) That petition was dismissed as untimely on June 29, with the panel reasoning that even if the thirty-day window for filing of a petition of review under 8 U.S.C. § 1252(b)(2) ran from March 13, 2007, when Novas alleged he first received a copy of the order of removal, the petition filed on April 18 was still outside that time period. Novas also filed this appeal of the District Court's April 6 order on April 19, 2007.

-4-

Novas was released from detention pending the resolution of this appeal on August 31, 2007.[3]

## II.

Novas raises several objections on appeal. He argues that the District Court's recharacterization of his habeas corpus petition and its dismissal for lack of jurisdiction (as opposed to transferring it to this court) were improper. Additionally, according to Novas the petition was timely because of his late receipt of the removal order and thus we should reach his argument on the merits: his contention that the summary removal was an unconstitutional denial of due process. Since the District Court was correct in recharacterizing Novas's suit and dismissing for lack of jurisdiction, we will affirm.

## A.

The District Court's recharacterization of Novas's motion was not in error. The initial motion for an emergency stay sought only to have Novas's removal delayed so he could petition ICE regarding his status as the spouse of a U.S. citizen. To the extent Novas raised any colorable legal claim, it was the due process claim set out in his response to the motion to lift the stay, and the District Court properly construed that as a direct challenge to the order of removal. See Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002). Novas's belated disclaimer to the contrary does not change the substance of his arguments.

---

[3] On July 12, 2007, Novas had also filed a second habeas petition with the District Court solely addressing the detention issue, which was rendered moot when he was released from ICE custody and dismissed on September 12, 2007.

Appellant did raise a genuine habeas issue in his later brief, regarding the propriety of his pre-removal detention. At best, the District Court should have retained jurisdiction over that particular claim while dismissing the due process challenge. Regardless, that aspect of Novas's suit is now moot since he was released from custody by ICE on August 31, 2007. Therefore, Novas's motion did properly belong before this court pursuant to 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . .").

**B.**

The District Court also did not err in dismissing the recharacterized motion rather than transferring it to this court, the proper forum for a petition for review of a final order of deportation. 8 U.S.C. § 1252(a)(5) deprives a district court of jurisdiction over such a petition. Though the District Court could theoretically have transferred the case to this court under 28 U.S.C. § 1631, the record reveals that Novas never made, and the District Court never considered, such a request.[4] Therefore, Novas cannot raise the issue on appeal. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 487 (3d Cir. 1998). Even if this question was properly before us, the lack of merit of Novas's underlying due process challenge, based on the invalidity of his due process waiver as a minor, suggests that a transfer would not have been in the "interest of justice." See

---

[4] Novas suggests there is a standing order of this court requiring the transfer of petitions for review of a final order of removal incorrectly filed in district court to this court. No such order exists.

Murgia-Melendrez v. U.S. Immigration & Naturalization Serv., 407 F.2d 207, 209-10 (9th Cir. 1969) (holding that a minor may make an intelligent waiver of constitutional rights under certain circumstances).

For the foregoing reasons, we affirm the District Court's dismissal for lack of jurisdiction.